72 F.3d 137
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Flozell J. BEASLEY, Harold GRAHAM, Robert J. JUAREZ, Gordon
W. LANE, Barry McCANN, Chester ABBOTT, Joseph
BROWN, Marion A. BROWN, Plaintiffs-Appellants,
v.
Roy S. ROMER, Governor of the State of Colorado; State of
Colorado, Members of the Legislature and Members of the
Supreme Court for the State of Colorado; Regulatory Agency,
State of Colorado, Department of, and subdivision;
Aristedes W. Zavaras, Executive Director, Colorado
Department of Corrections; Mark McKinna, Warden, Colorado
Territorial Correctional Facility; Gale Norton, Colorado
Attorney General, Defendants-Appellees.
 No. 94-1521.
 United States Court of Appeals, Tenth Circuit.
 Nov. 24, 1995.
 
 Before BRISCOE and LOGAN, Circuit Judges, and THOMPSON,** District Judge.
 ORDER AND JUDGMENT[1]
 BRISCOE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs, appearing pro se, appeal from the district court's October 11, 1994 order which denied plaintiffs' request for class certification, and also denied or dismissed many of their claims, but permitted the claims alleging lack of proper medical care brought by plaintiffs Brown, McCann, Juarez, Lane, Graham, and Abbott to proceed. The order also denied the following two requests for injunctions: plaintiffs' request for a permanent injunction against using public monies to aid district attorneys that previously had been budgeted for the Colorado State Public Defender, and plaintiffs' motion for a preliminary injunction to require better medical treatment for prisoners (the district court's order at page nine mistakenly describes the motion as brought only by plaintiff Graham, when in fact several plaintiffs signed it).
 
 
 3
 Defendants have moved to dismiss this appeal on jurisdictional grounds. This court has jurisdiction over appeals from final orders issued by federal district courts. 28 U.S.C. 1291. The district court's October 11, 1994 order is not a final order because it does not adjudicate all claims. After the parties were notified of the apparent jurisdictional defect due to the nonfinal nature of the order, plaintiffs conceded that the district court order did not dispose of all claims, and it is clear that the district court did not certify for appeal its October 11, 1994 order, pursuant to Fed.R.Civ.P. 54(b). This court is without jurisdiction to consider the nonfinal claims. Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir.1988). Therefore, we grant defendants' motion to dismiss the appeal of the district court's order (1) denying class certification; (2) dismissing the claims against the Colorado Supreme Court, the Colorado State Legislature, defendant Norton, all defendants in their individual capacities, the Department of Regulatory Agencies, and defendants Romer, Zavaras and McKinna, except as to claims alleging lack of medical care; (3) dismissing all claims for damages; (4) denying plaintiffs' challenge to the constitutionality of various state statutes; (5) denying plaintiffs' motion for disclosure of exculpatory and impeaching information; and (6) denying plaintiffs' motion for writ of mandamus.
 
 
 4
 We do have jurisdiction, however, over the district court's denial of the preliminary and permanent injunctions. 28 U.S.C. 1292(a)(1). We review the district court's denial of a preliminary or permanent injunction for an abuse of discretion. Walmer v. United States Dep't of Defense, 52 F.3d 851, 854 (10th Cir.1995)(preliminary injunction), cert. denied, 64 U.S.L.W. 3347 (U.S. Nov. 18, 1995)(No. 95-230); SEC v. Pros Int'l, Inc., 994 F.2d 767, 769 (10th Cir.1993)(permanent injunction).
 
 
 5
 To establish entitlement to a preliminary injunction, the moving party must show (1) he will suffer irreparable harm if an injunction is not granted, (2) the threatened injury to the moving party outweighs any injury the requested injunction may cause the nonmoving party, (3) the injunction would not be detrimental to the public interest, and (4) a substantial likelihood the moving party will succeed on the merits. Walmer, 52 F.2d at 854. Here, plaintiffs have established none of those criteria. Indeed, they have failed to make clear what injunctive relief they seek, except to request better and more immediate medical care for all prisoners. Plaintiffs cannot rest their legal claims on the rights or interests of others who are not parties to the litigation. Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 474 (1982). Accordingly, we hold that the district court did not abuse its discretion in denying plaintiffs' request for a preliminary injunction.
 
 
 6
 We turn to plaintiffs' request to enjoin permanently the funding of a program to aid district attorneys in the prosecution of crimes using monies previously allocated to the Colorado State Public Defender. Plaintiffs do not allege they will be harmed by the budget decision. Therefore, they have failed to meet their burden to establish standing to challenge the funding decision by showing (1) that they have suffered an "injury in fact," (2) a causal connection between the injury and the challenged conduct, and (3) the likelihood that a favorable decision would redress the injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The district court did not abuse its discretion in denying plaintiffs' motion for an injunction against the use of public funds.
 
 
 7
 Plaintiffs' motion to supplement the record on appeal, and their "Written Complaint [A]gainst Justices," requesting recusal of the district judge and the magistrate judge, are denied. The judgment of the United States District Court for the District of Colorado denying the requests for injunctions is AFFIRMED. The remaining issues on appeal are DISMISSED for lack of jurisdiction. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470