**Filed 3/13/96**

_____

FLOZELL J. BEASLEY, GORDON W. LANE,)
BARRY McCANN, CHESTER ABBOTT,      )
JOSEPH BROWN, MARION A. BROWN,     )
                                   )
    Plaintiffs,                    )
                                   )
    and                            )
                                   )
HAROLD GRAHAM, ROBERT J. JUAREZ,   )
                                   )
    Plaintiffs-Appellants,         )
                                   )
v.                                 )    No. 95-1482
                                   )    (D.C. No. 94-B-972)
ROY S. ROMER, Governor of the      )    (Dist. of Colorado)
State of Colorado; ARISTEDES       )
ZAVARAS, Executive Director,       )
Colorado Department of Corrections;)
MARK McKINNA, Warden, Colorado     )
Territorial Correctional Facility, )
                                   )
    Defendants-Appellees.          )

_____

**ORDER AND JUDGMENT**[*]

_____

Before **ANDERSON, BARRETT, and LOGAN,** Circuit Judges.

_____

    After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not

_____

[*]This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

materially assist the determination of this appeal. See Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Harold Graham (Graham) and Robert J. Juarez (Juarez) (collectively "appellants"), appearing pro se, appeal from the district court's Order of October 11, 1994, and the district court's Order of October 23, 1995.

This action was initiated by eight inmates of the Colorado Territorial Correctional Facility (CTCF) who sought to bring a class action civil rights suit under 42 U.S.C. § 1983 against the Governor of Colorado, the Colorado state legislators, the Colorado Supreme Court, the Colorado Department of Regulatory Agencies, the Executive Director of the Department of Corrections, the Warden of the CTCF, and the Colorado Attorney General, in their individual and official capacities, for a variety of alleged constitutional violations. Their pro se complaint contained allegations regarding the conditions of their imprisonment and the handling of their legal matters including: denials of proper health care, an improper classification system, cruel and unusual punishment, and unconstitutional conditions. Plaintiffs sought monetary damages and declaratory and injunctive relief.

On October 11, 1994, the district court: denied plaintiffs' request for class certification; dismissed all claims against the defendants in their individual capacities; dismissed all claims for

damages; dismissed all claims against the Colorado Supreme Court, the Colorado state legislators, the Colorado Attorney General, and the Colorado Department of Regulatory Agencies; denied plaintiffs' motion for a permanent injunction against the use of budgeted monies in the Colorado Public Defender's Office; denied Graham's motion for a preliminary injunction; denied plaintiffs' request for a determination as to the constitutionality of C.R.S. §§ 21-1-104(1)(b), 17-22.5-404, 18-6-302, and 18-3-405; denied plaintiffs' motion for disclosure of exculpatory and impeaching information; and denied plaintiffs' motion for writ of mandamus. The remaining claims against the Governor of the State of Colorado, Roy S. Romer, the Executive Director of the Colorado Department of Corrections, Aristedes Zavaras, and the Warden of CTCF, Mark McKinna (collectively "appellees"), in their official capacities, concerned allegations of lack of proper medical care brought by plaintiffs Marion A. Brown, Barry McCann, Juarez, Gordon W. Lane, and Graham.

On October 27, 1994, plaintiffs Chester Abbott, Flozell J. Beasley, Marion A. Brown, and Graham appealed the district court's October 11, 1994, order. In <u>Beasley et al. v. Roy Romer et al.</u>, No. 95-1521, 1995 WL 694091 (10th Cir. Nov. 25, 1995), we affirmed the district court's denial of plaintiffs' requests for injunctions and dismissed the remaining issues on appeal for lack of subject matter jurisdiction.

On March 9, 1995, appellees moved for dismissal of the

remaining claims for failure to state claims for relief under Fed. R. Civ. P. 12(b)(6), or for a more detailed statement under Fed. R. Civ. P. 12(e). On May 8, 1995, the magistrate judge ordered each remaining plaintiff to set forth in detail and in writing the medical care he believed was deficient as to him personally on or before June 12, 1995. In his October 2, 1995, recommendation, the magistrate judge found that appellants were the only plaintiffs who responded to his order for more detail and that they had failed to provide evidence that appellees were deliberately indifferent to serious medical needs. Therefore, the magistrate judge recommended that appellees' motion for summary judgment be granted.[1]

On October 25, 1995, after de novo review of the magistrate judge's recommendations, the district court determined that the magistrate judge was correct. Therefore, the district court granted appellees' motion for summary judgment and dismissed plaintiffs' action in its entirety with prejudice.

On appeal, appellants reiterate the claims and allegations made in the original complaint. To the extent appellants challenge the district court's October 11, 1994, denial of their motion for a preliminary injunction, this issue has already been decided by this court. See Beasley, No. 94-1521, 1995 WL 694091.

We review the sufficiency of a complaint de novo and we will

---

[1] Because the magistrate judge considered material outside of the pleadings, appellees' motion to dismiss was converted to a motion for summary judgment.

uphold a district court's dismissal under Fed. R. Civ. P. 12(b)(6) only when it appears that the plaintiffs cannot prove facts in support of the claims which would entitle them to relief. Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir. 1995). In making this determination, we must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiffs, id., keeping in mind that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). In addition, we review the grant or denial of summary judgment de novo, applying the same standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Deepwater Invs., Ltd v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir. 1991).

We have carefully reviewed the entire record on appeal. We affirm substantially for the reasons set forth in the district court's Order of October 11, 1994, and for the reasons set forth in "Recommendation of United States Magistrate Judge" of October 2, 1995, adopted in full by the district court on October 23, 1995.

-5-

Appellants' January 11, 1995, "Request to supplement of record, with transcript of 5 May 1995 hearing" is denied.

**AFFIRMED.**

Entered for the Court:

James E. Barrett,
Senior United States
Circuit Judge

**CHAMBERS OF THE HONORABLE JAMES E. BARRETT**
**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**
**P.O. Box 1288**
**Cheyenne, Wyoming    82003-1288**

March 12, 1996

Patrick Fisher, Clerk
United States Circuit Court

Dear Mr. Fisher:

Enclosed is my Order and Judgment in case No. 95-1482 - Beasley, et al. v. Romer, etc., et al., which has been concurred in by the members of the panel.  I would appreciate your filing this.

Thank you for taking care of this matter.

Sincerely,

/s/

James E. Barrett

JEB/b