83 F.3d 433
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Brandon Baxter TYLER, Plaintiff-Appellant,
v.
Patrick J. SULLIVAN, Jr., Sheriff, Arapahoe County;
Arapahoe County Board of County Commissioners; Arapahoe
County Justice Center Detention Facility; Dr. Jacobsen;
Ms. O'hara; Ed Westlake; Zaboa Food Services, Defendants-Appellees.
 No. 95-1232.
 United States Court of Appeals, Tenth Circuit.
 April 22, 1996.
 
 1
 Before KELLY and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P.
 
 
 3
 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Brandon Baxter Tyler, a pro se litigant, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C.1983. The complaint alleged constitutional violations arising during his incarceration as a pretrial detainee in the Arapahoe County Justice Center Detention Facility, Arapahoe County, Colorado. Mr. Tyler named as defendants Arapahoe County Sheriff Patrick J. Sullivan, Jr., Arapahoe County Board of County Commissioners (BOCC), the Arapahoe County Detention Facility, Dr. Mogens Jacobsen, a contract physician at the facility, Ms. O'Hara, a mail clerk at the facility, Ed Westlake, and Zaboa Food Services.[2]
 
 
 5
 Defendants filed motions to dismiss. Because the court was considering material outside the pleadings, the magistrate judge treated the motion of the Arapahoe County defendants as one for summary judgment. See Fed.R.Civ.P. 12(b). The court subsequently adopted the findings and recommendations of the magistrate judge, granting summary judgment to the Arapahoe County defendants and dismissing Mr. Tyler's claims against Ed Westlake and Zaboa Food Services for failure to state a claim upon which relief could be granted.
 
 
 6
 We review a grant of summary judgment de novo, applying the same standard as the district court. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). We review the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 7
 We review the sufficiency of a complaint de novo, upholding a dismissal under Fed.R.Civ.P. 12(b)(6) only when it is shown that the plaintiff failed to plead facts which, if proved, would entitle him to relief. Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir.1995). As a pro se litigant, we construe Mr. Tyler's complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 8
 Pursuant to Colorado law, the county sheriff is designated to operate and maintain the jail located in the county. See Colo.Rev.Stat. 17-26-102, 30-10-511. The district court found that Mr. Tyler had failed to allege any facts to implicate the BOCC in the operation or conditions of the detention facility. The court concluded, therefore, that a grant of summary judgment to the BOCC was appropriate. The court also granted summary judgment in favor of Sheriff Sullivan, concluding that Mr. Tyler had failed to present any evidence of Sheriff Sullivan's personal involvement in any of Mr. Tyler's allegations of constitutional violation. See Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir.1993)(personal involvement in constitutional deprivation necessary to find liability under 1983). The court dismissed the detention facility as a defendant, finding that the facility, a building owned and operated by the county, is not a person or legally created entity capable of being sued.
 
 
 9
 Mr. Tyler does not challenge these dismissals on appeal. He appears to center his arguments on his claims that his constitutional rights were violated by Dr. Jacobsen's deliberate indifference to his medical needs, Ms. O'Hara's interference with his incoming mail, and Zaboa Foods' refusal to provide him with his medically prescribed diet. He also disputes the district court's denial of his motion to amend his complaint.
 
 
 10
 Mr. Tyler asserts that he was refused necessary treatment for a small cyst in his left testicle. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). This is a two-part standard requiring "deliberate indifference on the part of prison officials" and requiring "the prisoner's medical needs to be serious." Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980)(further citation omitted), cert. denied, 450 U.S. 1041 (1981).
 
 
 11
 The testicular cyst was diagnosed by ultrasound shortly after Mr. Tyler's arrival at the detention facility. Dr. Jacobsen treated Mr. Tyler with medication and ice packs, opining that he could have the elective surgery required to remove the cyst once he was released. Mr. Tyler disagrees with the medical treatment he received, being of the opinion that the elective surgery to remove the cyst should have been performed while he was in the detention facility.
 
 
 12
 A " 'delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm.' " Olson, 9 F.3d at 1477 (quoting Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993)). A difference of opinion as to the kind and timing of medical treatment does not rise to the level of an Eighth Amendment violation. See Estelle, 429 U.S. at 105-06; Olson, 9 F.3d at 1477. As determined by the magistrate judge, Mr. Tyler's medical records reflect numerous and frequent contacts with Dr. Jacobsen and the medical staff of the detention facility. Mr. Tyler has not shown that the delay in surgical treatment of the cyst resulted in any substantial harm. See Olson, 9 F.3d at 1477. Therefore, Mr. Tyler has not established that Dr. Jacobsen was deliberately indifferent to his medical needs, or that his condition was so serious as to mandate a different treatment.
 
 
 13
 Next, Mr. Tyler alleges that he was denied a medically prescribed vegetarian diet. He claims that the diet he was given while in the detention facility caused him to be hospitalized with a "stroke" which resulted in "brain damage" and "memory loss." The record reflects that Mr. Tyler was sent to Swedish Hospital on May 15, 1994, with high blood pressure. He was returned to the detention facility on May 17, 1994. There is nothing in the record to support Mr. Tyler's claim that he suffered a stroke or any other serious illness other than high blood pressure.
 
 
 14
 During his detention, Mr. Tyler submitted frequent and numerous inmate request forms (kites) to every department in the detention facility, complaining about his diet. He sent a majority of these kites to the kitchen and dietary staff. Mr. Tyler alleges that the food services personnel served him a regular diet despite the doctor's orders. He claims that the detention facility staff told the food services employees to feed him a regular diet because he complained too much. He also alleged that his diet was being tampered with as a racist plot.
 
 
 15
 The magistrate judge found Mr. Tyler's allegations to be conclusory and lacking in facts which would support his contentions that Zaboa Food Services' employees acted with any disregard or indifference to his medical needs. See Hall v. Bellmon 935 F.2d 1106, 1110 (10th Cir.1991)("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). Construing Mr. Tyler's pro se complaint liberally, see Haines, 404 U.S. at 520-21, and accepting all his well-pleaded allegations as true, see Williams v. Meese, 926 F.2d 994, 997 (10th Cir.1991), it is clear that Mr. Tyler's allegations do not rise to the level of an Eighth Amendment violation. See Hall, 935 F.2d at 1110 (holding that the liberal construction afforded pro se complaints does not relieve the plaintiff of the burden of presenting sufficient facts to state a legally cognizable claim). Therefore, the district court's dismissal of Mr. Tyler's claims against Ed Westlake and Zaboa Foods for failure to state a redressable claim was proper.
 
 
 16
 Contrary to Mr. Tyler's allegations, Dr. Jacobsen also attempted to satisfy Mr. Tyler's dietary demands and meet his medical dietary needs. The detention facility health services records indicate that Dr. Jacobsen made several changes in the orders for Mr. Tyler's diet prior to his hospitalization. There does not seem to be any medical basis for these changes other than some allergies Mr. Tyler related to the doctor. Following Mr. Tyler's hospitalization, however, Dr. Jacobsen ordered a low salt, milk free diet with raw vegetables, in compliance with the instructions of the discharging physician.[3]
 
 
 17
 On May 22, 1994, in reply to a kite from Mr. Tyler alleging he was being denied his "medically approved diet," it was stated that these complaints had been responded to numerous times, that Mr. Tyler had seen Dr. Jacobsen fourteen times, had seen other doctors at the facility twice, and had been admitted to the infirmary for observation where it was determined that he was well-nourished, in good health, and had suffered no weight loss or discernible effects from an alleged dietary deficiency. Consequently, while he may not have been given exactly what he wanted to eat, prepared in the way he would have preferred, there is no evidence in the record to support a deliberate indifference to his diet as it pertained to his medical needs.
 
 
 18
 Next, Mr. Tyler asserts that he was denied access to his incoming mail. The detention facility inmate handbook requires inmates to secure pre-approval for the receipt of parcels for the purpose of addressing the risk of contraband being brought into the facility. Defendant O'Hara, a mail clerk in the detention facility, rejected two parcels mailed to Mr. Tyler by his sister because Mr. Tyler had not received the necessary pre-approval for receipt of the parcels.
 
 
 19
 A prisoner's right to correspond with people outside the prison is constitutionally protected. See Turner v. Safley, 482 U.S. 78, 84 (1987). This right is qualified, however, by the concerns of prison safety and security. Smith v. Maschner, 899 F.2d 940, 944 (10th Cir.1990). Great deference and latitude is allowed officials due to the security concerns present in the unique atmosphere created within a prison. See Turner, 482 U.S. at 84-85.
 
 
 20
 Censorship of prisoner's incoming mail is permissible if it is " 'reasonably related to legitimate penological interests.' " Smith, 899 F.2d at 944 (quoting Turner, 482 U.S. at 89). Here, the regulation in question meets the reasonableness test articulated in Turner in that, (1) it is rationally connected to a legitimate institutional interest; (2) Mr. Tyler has alternative means of exercising his right to receive mail by having his parcels pre-approved; (3) the regulation serves the best interests and safety of the prison population and the guards; and (4) the regulation is reasonable in the absence of a ready alternative. See 482 U.S. at 89-90.
 
 
 21
 Mr. Tyler also claims he did not receive legal papers mailed to him by his wife. He presents no evidence, however, that these papers were ever mailed to or received by the institution. In sum, Mr. Tyler's conclusory allegations do not support his contention of civil rights violation in the handling of his mail, and the district court's grant of summary judgment to Ms. O'Hara was proper.
 
 
 22
 Finally, Mr. Tyler challenges the district court's denial of his motion to file an amended complaint. Federal Rule of Civil Procedure 15(a) allows the court to grant leave to amend a complaint, after lapse of the permissive period, "when justice so requires." We review a district court's denial of leave to amend a complaint for an abuse of discretion. Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir.1992).
 
 
 23
 In addition to the same allegations presented in Mr. Tyler's original complaint regarding his medical treatment and diet, in the amended complaint, Mr. Tyler added defendants and claimed that the defendants conspired to "murder" him by feeding him a "poisonous" diet and denying him medical treatment. These allegations are vague, conclusory, and do not contain any facts "showing agreement and concerted action among" the defendants. Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.), cert. denied, 115 S.Ct. 107 (1994); see also Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989)("Conclusory allegations of conspiracy are insufficient to state a valid 1983 claim."); Hammond v. Bales, 843 F.2d 1320, 1323 (10th Cir.1988)(when alleging conspiracy, plaintiff must set forth facts showing concerted action).
 
 
 24
 The magistrate judge found that the amended complaint suffered from the same defects as the original complaint, and therefore, to allow amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962)(holding that the futility of amendment justifies the denial of a motion to amend complaint). The findings of the magistrate judge are amply supported by the record, and the denial of Mr. Tyler's motion to amend was not an abuse of the court's discretion.
 
 
 25
 Mr. Tyler's motion for appointment of counsel and all other pending motions are DENIED. The judgment of the United States District Court of the District of Colorado is AFFIRMED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 The correct name of the corporation is Szabo Food Services, not Zaboa Food Services. As the entity has been referred to as Zaboa Food Services consistently by all parties throughout the proceedings, to avoid confusion, we will continue to do so here
 
 
 [3]
 Upon his return to the detention facility following his hospitalization, Mr. Tyler hand-carried a copy of the physician's discharge instructions which stated that he should have a weekly blood pressure check and a "bland" diet consisting of "raw vegetables," "low salt," "fish only," and "no sweets." Upon consultation with the hospital, it was learned that the original physician's discharge sheet, which subsequently was faxed to the facility, ordered a vegetarian diet with low salt. It was obvious that the discharge sheet presented to the facility by Mr. Tyler had been altered to include Mr. Tyler's own perception of his dietary needs