**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 12 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM L. FLEMING,

       Plaintiff-Appellant,

v.

JUDY UPHOFF, Director of
Corrections, State of Wyoming, in her
individual and official capacity;
JAMES FERGUSON, Warden of the
Wyoming State Penitentiary, in his
individual and official capacity;
JAMES DAVIS, Health Service
Administrator, Department of
Corrections, State of Wyoming in his
individual and official capacity,

       Defendants-Appellees,

and

WEXFORD HEALTH SOURCES,
INC., a qualified foreign corporation;
JOHN PERRY, Health Care
Administrator, Wexford Health
Sources, Inc.; PAUL LONG, M.D.,
Medical Director, Wexford Health
Sources, Inc., and JOHN AND JANE
DOES 1-10,

       Defendants.

No. 99-8035
(D.C. No. 97-CV-170-J)
(D. Wyo.)

## ORDER AND JUDGMENT [*]

Before **TACHA** , **ANDERSON** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant William L. Fleming appeals the district court's dismissal of his civil rights complaint for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### Background

Plaintiff entered the Wyoming State Penitentiary in April 1996, following a conviction for escape. Plaintiff alleged that the escape, which took him to Denver, Colorado, and then to Armadillo, Texas, was for the purpose of seeking

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

medical care from a certain surgeon for his circulatory condition. [1] Upon his entry into the Wyoming prison, plaintiff received a medical orientation and saw a physician who prescribed medication. At this time, health care to the Wyoming institution's inmates was provided under contract with defendant Wexford Health Sources, Inc. [2]

In August 1996, plaintiff was transported to the Veterans Administration Center (VA) in Denver, Colorado, for evaluation. He was also seen by a private physician in Rawlins, Wyoming. Plaintiff contends that the Wexford board denied approval for the additional tests requested by the VA and the Rawlins doctor. He alleged that he had another appointment at the VA in Denver on December 5, 1996, which defendant Uphoff refused to allow him to keep. On December 13, 1996, plaintiff saw Dr. Long, a Wexford physician at the prison, who prescribed additional medication.

In his complaint, plaintiff requested compensatory damages for medical malpractice, alleged a third party claim pursuant to the contract between the Wyoming Penitentiary and Wexford, and alleged a civil rights claim under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs.

---

[1]    Plaintiff does not reveal the exact nature or diagnosis of his circulatory problems in any of the pleadings or supporting documents submitted to this court.

[2]    Plaintiff states in his brief that his claims against Wexford were settled, and a stipulated dismissal order as to Wexford was entered on April 5, 1999.

Defendants Judy Uphoff, Jim Ferguson, and James Davis moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (2) for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants further asserted that plaintiff failed to exhaust his administrative remedies under 42 U.S.C. § 1997e.

In granting defendants' dismissal motion as to plaintiff's federal claims, the district court concluded that plaintiff failed to state a cognizable claim for relief. In this light, the court declined to retain jurisdiction over plaintiff's pendant state law claims, and declined to address defendants' exhaustion arguments. After careful review of plaintiff's arguments and record on appeal, we agree with the district court that plaintiff failed to state a claim upon which relief can be granted.

## Discussion

The legal sufficiency of a complaint is a question of law; hence, a Rule 12(b)(6) dismissal is reviewed *de novo*. *See Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). In reviewing the district court's grant of a Rule 12(b)(6) motion to dismiss,

> all well-pleaded allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party. A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Id.* at 1236 (quotation and citation omitted). The rules create "a powerful presumption against rejecting pleadings for failure to state a claim." *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989).

"[D]eliberate indifference to serious medical needs of prisoners" constitutes a violation of the Eight Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "However, 'a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.'" *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997) (quoting *Estelle*, 429 U.S. at 106). In addition, neither medical malpractice nor disagreement with medical judgment constitutes an Eighth Amendment violation. *See id.* Therefore, in order to prevail here, plaintiff must show a "deliberate refusal to provide medical attention, as opposed to a particular course of treatment." *Id.*

Plaintiff's only argument on appeal challenges the district court's dismissal of his claims against the prison officials, in particular defendant Uphoff. In dismissing these claims, the court accepted the allegation in plaintiff's complaint that his medical condition was serious. Relying on *Green*, 108 F.3d at 1303, the court concluded, however, that plaintiff's complaint alleged only a difference of

opinion regarding the type and timing of medical treatment, which did not constitute actionable deliberate indifference.

Although plaintiff alleges on appeal that Wexford continued to deny him medical care during the year he was incarcerated, he does not specifically identify any other instances after December 13, 1996, when he requested medical care from the prison staff and was refused. Plaintiff generally contends that due to the denial of adequate medical care during his incarceration, his medical condition deteriorated resulting in the need for more complex surgery upon his release. He does not elaborate further on either the nature of the surgery or the nature or extent of the increased complexity. Although in his complaint plaintiff alleged that the delay of medical care would "cause him permanent problems," he does not describe the nature or extent of these problems. Appellant's App. at 16.

The Eighth Amendment imposes on the government the affirmative duty to provide adequate medical care to incarcerated persons. *See Estelle,* 429 U.S. at 103. The standard for determining whether the government has shown deliberate indifference to the medical needs of a prisoner has two components: "'an objective component requiring that the pain or deprivation be sufficiently serious, and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind.'" *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991)).

Delay in treatment can be actionable under *Estelle*, *see Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999), but it must, in itself, reflect "deliberate indifference which results in substantial harm." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (quotation and citation omitted). Here, plaintiff's allegations of delay reflect nothing more than his general disagreement with the course of his medical treatment. This, at most, involves a claim of medical malpractice or negligence that is not actionable under the Eighth Amendment. *See Estelle*, 429 U.S. at 106; *see, e.g., Tyler v. Sullivan*, No. 95-1232, 1996 WL 195295 (10th Cir. April 22, 1996) (following *Olson* to hold "[a] difference of opinion as to the *kind and timing* of medical treatment does not rise to the level of an Eighth Amendment violation") (emphasis added) (unpublished); *cf. White v. Colorado*, 82 F.3d 364, 367 (10th Cir. 1996) (affirming summary judgment because "plaintiff's allegations of denial of, or delay in providing, diagnostic evaluation and other means of treatment . . . implicate only defendants' negligence"). Further, plaintiff's vague and conclusory allegations do not indicate how the alleged deprivation or delay "exacerbate[d] [his] medical problems" or "result[ed] in a lifelong handicap or a permanent loss," *Hunt*, 199 F.3d at 1224 (quotation omitted).

In conclusion, we agree with the district court's determination that plaintiff's complaint failed to state a claim upon which relief could be granted. Therefore, the judgment of the United States District Court for the District of Wyoming dismissing plaintiff's complaint is AFFIRMED.

Entered for the Court


Carlos F. Lucero
Circuit Judge