**Robert ROMAN, Plaintiff–Appellant,**

v.

**CESSNA AIRCRAFT COMPANY and the Boeing Company, Defendants– Appellees.**

**No. 94–3237.**

United States Court of Appeals, Tenth Circuit.

May 24, 1995.

Robert M. Beattie, Jr. of Beattie Law Office, Wichita, KS (James S. Phillips, Jr. of Phillips & Phillips, Chartered, Wichita, KS, with him on the briefs), for plaintiff-appellant.

Martha Aaron Ross (James D. Oliver, with her on the brief) of Foulston & Siefkin, Wichita, KS, for defendants-appellees.

John C. Nettels, Jr. of Morrison & Hecker, Wichita, KS, on the brief for defendant-appellee, Cessna Aircraft Co.

Before SEYMOUR, Chief Judge, ALARCON* and HENRY, Circuit Judges.

* The Honorable Arthur L. Alarcon, United States Senior Circuit Judge for the Ninth Circuit, sitting by designation.

SEYMOUR, Chief Judge.

Robert Roman brought this antitrust action under 15 U.S.C. §§ 1, 15 and state law, alleging that Cessna Aircraft Company and The Boeing Company conspired to restrain trade by agreeing not to hire each other's engineers. The district court granted defendants' motion under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, ruling that Mr. Roman lacked antitrust standing. Mr. Roman appeals and we reverse.

## I.

The complaint in this case alleges the following facts. Mr. Roman was "employed at Boeing as an airplane engineer via a contract with Butler Service Corporation." Aplt.App. at 2. While working at Boeing, Mr. Roman applied for a position at Cessna in which he would perform substantially similar work and receive more compensation. Initially Mr. Roman was told that Cessna needed workers with his experience and that he could expect a firm offer. However, he was subsequently told that Cessna would not offer him employment solely because of an agreement between Cessna and Boeing that they would not hire engineers away from each other. *Id.* at 3. The complaint further alleges specific facts which, if proven, would establish that such an agreement did exist and that it was the only reason for Cessna's refusal to hire Mr. Roman. Finally, the complaint alleges that

> defendants are in the labor market for airplane engineers, that plaintiff was an airplane engineer and a part of that labor market, that defendants have conspired to avoid competition in that market in violation of the antitrust laws by horizontally dividing the market as between them by not hiring each others' engineers (a no-switching non-competition [sic] agreement), and alleges that as a direct and proximate cause of defendants' actions, plaintiff suffered damages to his business and property interests.

*Id.* at 5–6.

■ The district court concluded that Mr. Roman had failed to allege antitrust standing and dismissed the complaint. We review the sufficiency of a complaint de novo. *Sharp v. United Airlines, Inc.*, 967 F.2d 404, 406 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 464, 121 L.Ed.2d 372 (1992).

> "We will uphold a dismissal [under Fed. R.Civ.P. 12(b)(6) ] only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief."

> In making this determination, we must "accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."

*Id.* (citations omitted).

## II.

■ We have enumerated six factors that are relevant in ascertaining whether a plaintiff has standing to pursue an antitrust claim:

> (1) the causal connection between the antitrust violation and the plaintiff's injury; (2) the defendant's intent or motivation; (3) the nature of the plaintiff's injury—i.e., whether it is one intended to be redressed by the antitrust laws; (4) the directness or the indirectness of the connection between the plaintiff's injury and the market restraint resulting from the alleged antitrust violation; (5) the speculative nature of the damages sought; and (6) the risk of duplicative recoveries or complex damages apportionment.

*Sharp,* 967 F.2d at 406–07.

In granting defendants' motion to dismiss, the district court concluded that Mr. Roman failed to allege a causal connection between the alleged antitrust violation and his antitrust injury. The court stated that because Mr. Roman was employed by Butler and worked at Boeing through a service contract between Butler and Boeing, the alleged agreement between Boeing and Cessna had no impact on Mr. Roman. In so holding, the court erroneously failed to take the complaint's factual allegations as true and construe them most favorably to Mr. Roman. Indeed the court's ruling is directly contrary to those allegations, which set out facts showing that the illegal agreement between defen-

dants was the only reason Mr. Roman was not hired by Cessna.

The court rested its ruling on its conclusion that because Mr. Roman was not an "employee" of Boeing and the alleged agreement covered only employees, Mr. Roman had not made the requisite showing that he was a target of the alleged illegal agreement. This conclusion similarly fails to accept as true the allegations in the complaint setting out facts showing that the alleged agreement did cover and was directed at workers such as Mr. Roman who were indirectly employed with one of defendants through a service contract.[1] The district court therefore erred in granting defendants' motion to dismiss for the reasons the court gave.

On appeal, defendants contend that we may affirm the district court on the alternative ground that Mr. Roman failed to adequately allege an antitrust injury. The third factor we set forth in *Sharp* requires that a plaintiff's injury must be "intended to be redressed by the antitrust laws." *Sharp*, 967 F.2d at 407.

The gist of defendants' argument seems to be that Mr. Roman's injury does not flow from the alleged anticompetitive effect of the agreement because the market operated freely with respect to those employees who were not the target of that agreement. In other words, competition was not suppressed. The pertinent authority is to the contrary, however. The relevant cases hold that plaintiffs whose opportunities in the employment market have been impaired by an anticompetitive agreement directed at them as a particular segment of employees have suffered an antitrust injury under the governing standard. *See, e.g., Radovich v. National Football League*, 352 U.S. 445, 77 S.Ct. 390, 1 L.Ed.2d 456 (1957) (football player subject to agreement blacklisting players who played in rival league stated claim for relief under antitrust laws); *Quinonez v. National Ass'n of Sec. Dealers, Inc.*, 540 F.2d 824 (5th Cir. 1976) (employee subject to agreement under which a member would not hire person rejected or discharged by another member stated antitrust claim).

A leading antitrust authority has described antitrust injury in the employment context as follows:

> Antitrust law addresses employer conspiracies controlling employment terms precisely because they tamper with the employment market and thereby impair the opportunities of those who sell their services there. Just as antitrust law seeks to preserve the free market opportunities of buyers and sellers of goods, so also it seeks to do the same for buyers and sellers of employment services. It would be perverse indeed to hold that the very object of the law's solicitude and the persons most directly concerned—perhaps the only persons concerned—could not challenge the restraint.

> Thus, the courts have readily approved standing for professional athletes challenging agreements among employers fixing employment terms and for brokers or magazine solicitors challenging their employers' agreements against hiring switching employees.

> An employee overcomes the primary hurdle to standing when he shows that the alleged violation restrains competition in the labor market. Of course, he must still show injury-in-fact that was proximately caused by the violation and, in damage cases, that can be quantified without undue speculation.

II *Phillip Areeda & Herbert Hovenkamp, Antitrust Law* ¶ 377c (rev. ed. 1995) (footnotes omitted).[2]

---

1. In addition to the allegations showing that Mr. Roman himself was not hired by Cessna because he worked at Boeing, the complaint also set out facts showing that another airplane engineer who worked for Cessna through an agency was covered by the alleged agreement. *See* Aplt.App. at 4.

2. The facts alleged here are distinguishable from the circumstances present in cases such as *Sharp v. United Airlines, Inc.*, 967 F.2d 404 (10th Cir. 1992). In *Sharp*, former employees of Frontier Airlines who lost their jobs when Frontier ceased operations brought suit against United Airlines seeking antitrust damages for their claim that they were injured by the anticompetitive practices United allegedly used to drive Frontier out of business. In denying standing, we held that "employees simply cannot establish an *antitrust* injury when they lose their employment as a

Mr. Roman has alleged that competition in the market for his services as an employee has been directly impeded by defendants' agreement not to compete for each others' employees. He further alleges that he was injured by that agreement because it prevented him from selling his services to the highest bidder. The measure of his alleged injury is the loss he suffered—i.e., the increase in compensation he would have obtained but for the illegal agreement. We believe this is sufficient to allege antitrust standing.

In sum, we conclude that the district court did not properly view the allegations in this complaint under the strict standard applicable to a motion for dismissal under Rule 12(b)(6). We further conclude that the allegations in the complaint, taken as true, are sufficient to state antitrust standing. Accordingly, we reverse the dismissal and remand for further proceedings in light of this opinion.

REVERSED AND REMANDED.

result of some allegedly anticompetitive activity *directed at or involving their employer." Id.* at 408 (emphasis added). As we noted in *Sharp, see id.* at 408 n. 4, that case is to be distinguished from a case like the one before us in which the anticompetitive practices are directed toward the employees themselves.