76 F.3d 393
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Shela Mae STEIN, Plaintiff-Appellant,
v.
NEW YORK POLICE DEPARTMENT, Defendant-Appellee.
 No. 95-6141.
 United States Court of Appeals, Tenth Circuit.
 Jan. 29, 1996.
 
 Before ANDERSON, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 BARRETT, Senior United States Circuit Judge.
 
 
 2
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Shela Stein (Stein), appearing pro se and in forma pauperis, appeals from the district court's order dismissing her 42 U.S.C. 1983 complaint on the grounds that the court lacked jurisdiction over nearly all of the defendants and that the complaint failed to state a claim upon which relief could be granted.
 
 
 4
 In her complaint, plaintiff alleged that she is a resident of Oklahoma City, Oklahoma, and that the individual defendants are members of the New York City Police Department or other such officials. She alleged that while she was a resident of Brooklyn, New York, the defendants and the New York Police Department, while acting under color of law, joined with other state defendants in denying her constitutionally guaranteed rights of freedom from illegal search and seizure, freedom from illegal detention, freedom from humiliation, intimidation, and harassment, the enjoyment of life, liberty, property, equal protection of the law, freedom from invasion of privacy, and freedom to have a livelihood without illegal interference. The only factual allegations, conclusory in nature, are that while plaintiff was residing in her Brooklyn, New York, home at 1068 E. 12, 2nd floor, on or about August of 1991, one Bert Weiner broke into her home, grabbed her and threatened her, whereupon, following Weiner's departure, plaintiff requested help from the defendants which was refused. She alleged that instead of receiving help, the defendants, acting in concert with defendant, Leon R. Stein, by force and against her will, handcuffed her and committed her to a psychiatric hospital, compelling plaintiff and her seven children to move to another residence. Other like allegations were contained in plaintiff's rambling complaint.
 
 
 5
 On appeal, Stein argues that her constitutional rights were violated on August 4, 1993, when the 70th Precinct of the New York Police Department forced open the door to her home, beat her head and body into the pavement, raped her at the precinct, and robbed and ransacked her apartment. She further contends that on August 9, 1993, at 7:00 o'clock p.m. the police returned to her residence and ripped her seven children from her arms and that the NYPD, the DA, the IA, the FBI and the CIA refused to do anything.
 
 
 6
 We review the district court's order dismissing a complaint and cause of action under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction over the person de novo. Nothing alleged in plaintiff's complaint indicates that the controversy or the defendants had any contact with the Western District of Oklahoma which would give the court the right to exercise judicial power over the defendants. A federal cause of action created by 42 U.S.C.1983 does not, by itself, confer jurisdiction upon federal district courts to adjudicate claims. Hagans v. Lavine, 415 U.S. 528 (1974). Whether a federal court has personal jurisdiction over nonresident defendants is determined by the law of the forum state. Nothing in this record reflects that the defendants had any contacts with the forum State of Oklahoma. See Taylor v. Phelan, 912 F.2d 429 (10th Cir.1990), cert. denied, 498 U.S. 1068, (1991); Rambo v. American S. Ins. Co., 839 F.2d 1415 (10th Cir.1988).
 
 
 7
 We review the district court's dismissal of a complaint and cause of action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim de novo and will uphold a dismissal when it appears that plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief. Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir.1995). Plaintiff-appellant has failed here to state a claim entitling her to relief.
 
 
 8
 We have review the record on appeal. We affirm for substantially the reason set forth in the district court's Order dated and filed September 27, 1994.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. Citation of unpublished orders and judgments is not favored. Nevertheless, an unpublished decision may be cited if it has persuasive value with respect to a material issue that has not been addressed in a published opinion and it would assist the court in its disposition. A copy of the decision must be attached to the brief or other document in which it is cited, or, if cited in oral argument, provided to the court and all other parties