78 F.3d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lavern BERRYHILL, Plaintiff-Appellant,
v.
Ronald CHAMPION, Susan B. Loving, David Walters, Larry
Fields, Jim Rabon, Dan Reynolds, Bobbi Burns, Mike
Pruitt, and James Saffles, Defendants-Appellees.
 No. 95-5202.
 United States Court of Appeals, Tenth Circuit.
 March 4, 1996.
 
 Before ANDERSON, BARRETT and LOGAN, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Lavern Berryhill (Berryhill), an inmate within the custody of the Oklahoma Department of Corrections (DOC) incarcerated at the James Crabtree Correctional Center, appearing pro se and in forma pauperis, appeals from the district court's orders granting defendants-appellees' Motion to Dismiss and/or for Summary Judgment in his 42 U.S.C.1983 action.
 
 
 3
 Berryhill's complaint alleged that: (1) he was incarcerated on a void judgment and sentence, (2) his Fourteenth Amendment rights were violated when the defendants transferred him from the medium security facility at Dick Conner Correctional Center (DCCC) to the maximum security facility at Oklahoma State Penitentiary for writing a love letter to DCCC Warden Ron Champion's wife, (3) defendants violated his Eighth Amendment rights by placing him in a cell with an inmate who beat him and by "double celling" because his cellmate destroyed his television set, and (4) he was illegally sentenced under a general habitual criminal statute. The district court permitted Berryhill to amend his complaint to further allege that he was transferred in violation of his First Amendment right of free speech in retaliation for his love letter to Mrs. Champion.
 
 
 4
 The appellants, in accordance with the district court's Order Requiring a Special Report (Martinez ), submitted a detailed written report which was filed October 21, 1994, which the court treated as an affidavit on defendants' motions for summary judgment. Berryhill did not controvert any of the facts set forth in the Special Report. He did, however, file a cross motion for summary judgment.
 
 
 5
 On appeal, Berryhill renews his allegations and contends that the district court erred in refusing him a full opportunity to conduct discovery before granting summary judgment and in denying him a liberty interest not to be transferred to maximum security which resulted in the loss of CAP time credits. He also contends that the court erred in denying him the right to conduct discovery on his First amendment claim. He asks that we reverse and remand with instructions to restore his CAP time credits and to afford him full opportunity for discovery.
 
 
 6
 We review the district court's dismissal of a complaint and cause of action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim de novo and will uphold a dismissal when it appears that the plaintiff cannot prove facts in support of the claim which would entitle the plaintiff to relief. Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir.1995). We review the grant or denial of summary judgment de novo, applying the same standard used by the district court pursuant to Fed.R.Civ.P. 56(c). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Deepwater Invs. Ltd v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 7
 We have reviewed the entire record on appeal. We AFFIRM for substantially the reasons set forth in the district court's Order dated and entered September 13, 1995.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. Citation of unpublished orders and judgments is not favored. Nevertheless, an unpublished decision may be cited if it has persuasive value with respect to a material issue that has not been addressed in a published opinion and it would assist the court in its disposition. A copy of the decision must be attached to the brief or other document in which it is cited, or, if cited in oral argument, provided to the court and all other parties