78 F.3d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard NAGOL, Plaintiff-Appellant, and Kenneth T. SLESARIK, Plaintiff,
v.
CITY OF DEMING; Eddie Mesa, Officer, Defendant-Appellee.
 No. 95-2193.
 United States Court of Appeals, Tenth Circuit.
 March 5, 1996.
 
 Before ANDERSON, BARRETT and LOGAN, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Richard Nagol (Nagol), appearing pro se, appeals from the district court's order and judgment granting the defendants' Motion to Dismiss with prejudice under Fed.R.Civ.P. 12(b)(6) for failure to state a claim in Nagol's 42 U.S.C.1983 action seeking damages.
 
 Background
 
 3
 Nagol and Kenneth Slesarik, who has not appealed, filed a pro se complaint alleging that on or about February 23, 1993, in the City of Deming, New Mexico, (1) defendant Police Officer Eddie Mesa (Mesa or Officer Mesa) unlawfully and maliciously arrested Nagol for refusal to identify himself at the scene of a crime, and (2) unlawfully arrested Slesarik without a warrant or witnessing of a misdemeanor.
 
 
 4
 Officer Mesa responded to a police call to investigate an alleged battery upon one Phillip Dacus (Dacus) at or near Furr's Supermarket in Deming. When Officer Mesa arrived on the scene, he observed that Dacus was battered and bloodied. When Mesa inquired of Dacus what had happened, Dacus stated that he had been struck by a man he identified as Richard Nagol. Thereupon, Officer Mesa undertook to interview Nagol but, according to Mesa "... he [Nagol] refused to cooperate in my investigation. He would not give me his full name or address, and would not answer the questions necessary for me to complete my investigation. Accordingly, based upon my knowledge of ... Ordinance 6-2-3 (of the City of Deming) ..., I arrested Mr. Nagol on the charge of ... Interference With Officers." (Affidavit of Officer Eddie Mesa, Vol. II, Tab 49). Officer Mesa stated that Dacus then informed him that he had been struck by Slesarik, which led Mesa to speak to Slesarik. When Officer Mesa asked Slesarik if he had hit Dacus, Slesarik responded that he had. Thereupon, Officer Mesa arrested Slesarik for battery. Id. Slesarik was convicted of battery in Municipal Court following a trial, and the conviction was affirmed on appeal to the District Court of Luna County, New Mexico. Id.
 
 
 5
 Nagol asserted various constitutional violations as well as state tort claims. He alleged violations of the Fourth Amendment for unlawful arrest, the First and Fifth Amendments for arrest in relation to his refusal to respond to or cooperate with the investigation conducted by Officer Mesa, and the Fourteenth Amendment's substantive due process clause for loss of reputation and privacy. Nagol also alleged violations of the New Mexico state constitution, and a state court claim for malicious prosecution.
 
 
 6
 On appeal, Nagol contends that (1) the district court erred in relying, in part, on a repealed City of Deming ordinance under which he had been charged, (2) the district court chose to completely ignore his Affidavit of the Transcript of a Tape Recording, (3) there are genuine disputes of material facts as evidenced by the contrasts between his affidavit and that of Officer Mesa, and (4) the City of Deming is not entitled to immunity.
 
 
 7
 The record does not disclose that issue (1) was raised before the district court. Accordingly, we shall not address it on appeal.
 
 
 8
 We review the sufficiency of a complaint de novo, and we will uphold a dismissal under Fed.R.Civ.P. 12(b)(6) only when it appears that the plaintiff cannot prove a set of facts in support of his claims which would entitle him to relief. In making this determination, we must accept all of the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir.1995), keeping in mind that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988).
 
 
 9
 The district court found that "The cassette tape which supposedly recorded the incident and which plaintiff provided is unusable for playback, as it was recorded at an excessively high speed. However, the information the tape would have offered proves unnecessary, since affidavits and documents submitted by defendants provide the necessary and sufficient evidence upon which I base my decision." (R., Vol. III, Tab 70, p. 3).
 
 
 10
 We have reviewed the cassette tape. It establishes that Nagol refused to speak with Officer Mesa when told that the officer needed to see his identification. Instead of cooperating in the officer's investigation of the battery, Nagol, in a loud and threatening voice, repeatedly called Officer Mesa a "dishonest cop," "a liar under oath," and "a drug pushing cop." He demanded that the police "get an honorable cop over here." He rudely remarked to Officer Mesa that "you will have a lot of trouble here if you mess with me," "I don't have the time to talk with you," and "I don't want a damn thing to do with you."
 
 
 11
 We have reviewed the entire record. We affirm for substantially the reasons set forth in the district court's Memorandum Opinion and Order of August 18, 1995.
 
 AFFIRMED
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3