**UNITED STATES COURT OF APPEALS**
**Filed 5/6/96**
**TENTH CIRCUIT**

GREGORY COX,

      Plaintiff-Appellant,

v.

RAP-A-LOT RECORDS, also known as
Scarface,

      Defendant -Appellee   .

No. 95-2236
(Dist. of New Mexico)
(D.C. No. CIV-95-1159-JC)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pro se plaintiff Gregory Cox proceeding *in forma pauperis* appeals the dismissal of his complaint alleging causes of action under 42 U.S.C. §§ 1983 and 1985(3). Specifically, Cox alleged in his complaint that he has been targeted by defendants, an undercover, gang-related, rap music organization, whose purpose is to cause young people and fans to carry out violence against disabled people. Certain unnamed, non-defendant individuals, allegedly reacting to lyrics of a gangster rap song, threw Cox to the ground from his wheelchair causing him physical injuries. According to Cox, the underlying conduct by defendants (*i.e.,* placing violent lyrics in rap music) was premeditated and part of a conspiracy to commit assault, battery, and murder.

The district court, acting on its own motion, dismissed the complaint with prejudice. The district court noted that Cox's section 1983 claim failed because he had specifically stated that the defendants were not acting under color of state law. As to Cox's claim under section 1985(3), the district court found that it was faulty on two grounds: (1) the handicapped are not a class entitled to protection under section 1985(3); and (2) the complaint failed to allege with sufficient specificity facts tending to show agreement and concerted action.

We review the sufficiency of a complaint *de novo*, upholding a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure only when it is shown that the plaintiff failed to plead facts which, if proved, would entitle him to relief. *Roman v.*

2

*Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995). As a pro se litigant, we construe Cox's complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

We turn first to Cox's section 1983 claim. A civil rights plaintiff proceeding under section 1983 must allege and prove that "(a) some person had deprived him of a federally protected right, and (b) the person who has deprived him of that right acted under color of state law." *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir. 1991). Unless the complaint alleges both elements, it does not state a claim under section 1983. Here, Cox's complaint specifically states that the defendants were not acting under the color of state law. Accordingly, the district court acted properly when it dismissed the complaint for failure to state a claim.

Having concluded that Cox's complaint fails to state a claim under section 1983, we move on to consider whether it states a claim under section 1985(3). Properly pleaded allegations that a plaintiff is a member of a statutorily protected class, and that conspiratorial actions taken by defendants stem from the plaintiff's membership in the class, may support a claim under section 1985(3). *Silkwood v. Kerr-McGee Corp.*, 637 F.2d 743, 748 (10th Cir. 1980). Here, however, Cox has utterly failed to allege any facts tending to show agreement or concerted action. *See Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) (holding that under section 1983 "mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action"). Because

3

Cox alleged no facts to support his conspiracy claim, the district court properly dismissed the complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) (holding that although a court should construe a pro se plaintiff's complaint liberally, "the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations").

The judgment of the district court is hereby **AFFIRMED**. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

4