# UNITED STATES COURT OF APPEALS
<u>Filed 5/24/96</u>TENTH CIRCUIT

GREG ANDERSON,

      Plaintiff-Appellant,

v.

BILL B. DIXON, JAMES COFFEY,
SALLY COFFEY, GRANT ORTON,
LEE TAYLOR, PAUL FREEBAIRN and
MIL-TEX CORPORATION, a Wyoming
corporation,

      Defendants-Appellees.

Case No. 95-4119

(D.C. 94-CV-1149)
(District of Utah)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

    Plaintiff-appellant Greg Anderson appeals the dismissal of his First, First

Amended and Second Amended Complaints which alleged that the defendants violated

section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) ("Section

10(b)"), and 17 C.F.R. § 240.10b-5 (1995) ("Rule 10b-5"). Specifically, Mr. Anderson

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

claims that he purchased shares of Mil-Tex Corporation stock on June 11, 1991, and that certain fraudulent actions of the defendants deprived him of the value of his stock. The district court dismissed with prejudice all federal claims resulting from the purchase of the stock on the grounds that the plaintiff could allege no facts which would entitle him to relief, see Rec. vol. II, doc. 37 at 2, specifically pointing out that the original complaint was untimely filed under the relevant statute of limitations, see Rec. vol. IV at 46. The district court allowed the plaintiff, who appeared pro se, to file a second amended complaint to see if he could state a claim under the "forced sale" doctrine, see Vine v. Beneficial Finance Co., 374 F.2d 627, 632-35 (2d Cir.), cert. denied, 398 U.S. 970 (1967). Upon examining this complaint the district court dismissed all of the federal claims with prejudice and dismissed the supplemental state law claims without prejudice. We affirm.[1]

We review the sufficiency of a complaint de novo, upholding a dismissal under Fed. R. Civ. P. 12 (b)(6) only when it is shown that the plaintiff failed to plead facts which, if proved, would entitle him to relief. Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir. 1995). As a pro se litigant, we construe Mr. Anderson's complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

---

[1]    After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Turning to the merits of this appeal, Section 10(b) and Rule 10b-5 prohibit the use of any "manipulative or deceptive device" in connection with the purchase or sale of securities. See 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5. Citing these provisions, Mr. Anderson basically raises three arguments:

First, he argues that the district court erred in dismissing his Section 10(b) and Rule 10b-5 claim as it relates to his June 11, 1991, purchase of Mid-Tex stock. This statute has been held to have a three-year statute of limitations. In Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 364 (1991), the Supreme Court held that "[l]itigation instituted pursuant to § 10(b) and Rule 10b-5 . . . must be commenced within one year after the discovery of the facts constituting the violation and within three years after such violation." As our court has observed: "Defendants who may be liable [under Section 10(b) and Rule 10b-5] are safe from any liability arising from the violation if the action is not brought within three years of the violation itself." Anixter v. Home-Stake Prods. Co., 939 F.2d 1420, 1434 (10th Cir. 1991), cert. granted and judgment vacated, Dennler v. Trippet, 503 U.S. 978 (1992). Mr. Anderson brought his action on November 29, 1994, about five and one-half months too late.

In his brief, Mr. Anderson argues that the statute of limitations did not begin to run in this case until the alleged fraudulent activity -- the unlawful cancellation of his shares -- occurred. However, the alleged cancellation of Mr. Anderson's shares could in no way have affected his decision to purchase the shares and therefore cannot, as a matter of law,

3

give rise to a claim under Section 10(b) and Rule 10b-5. See Flickinger v. Harold C. Brown & Co., Inc., 947 F.2d 595, 598 (2d Cir. 1991) (holding that to be actionable under Section 10(b) and Rule 10b-5, the fraud alleged must be "integral to the purchase"). Therefore, the district court correctly dismissed this complaint as untimely.

Second, Mr. Anderson contends that the defendants' alleged cancellation of his shares of Mid-Tex stock was in effect a "sale" in violation of Section 10(b) and Rule 10b-5. Because Mr. Anderson still claims to own the Mid-Tex stock, he cannot be an actual seller, but alleges instead that he was a "forced seller." The "forced sale" doctrine has generally been applied when the shareholder is "faced with the choice of either holding stock in a nonexistent corporation or exchanging his shares for value" as is the case in liquidations and certain types of mergers. Sargent v. Genesco, Inc., 492 F.2d 750, 764-65 (5th Cir. 1974) (citing Vine, 374 F.2d 627).

The Tenth Circuit has not yet adopted the "forced sale" doctrine, and we do not have to decide whether to do so in this case. We agree with the Second Circuit in Flickinger that "[t]he securities law does not reach every conversion or theft of a security. Section 10(b) is not violated by a fraudulent scheme that, some time after a purchase of securities, divests the purchaser of ownership." 947 F.2d at 598 (citation omitted). Even were we to adopt the "forced sale" doctrine, we would conclude that conversion, though actionable under state law, is not a "forced sale" proscribed by federal securities law as it is currently codified in Section 10(b) and Rule 10b-5.

4

Finally, Mr. Anderson argues that Mid-Tex's sale of its common stock to third parties and appellees' "looting" of the company constituted a "sale" under Section 10(b) and Rule 10b-5. These allegations must also be construed as alleging a "forced sale" because Mr. Anderson continues to claim ownership of his Mid-Tex stock. Again, we need not decide whether to adopt the "forced sale" doctrine in order to resolve this issue.

Even were we to adopt the "forced sale" doctrine, Mr. Anderson has not alleged that "his investment has been fundamentally changed from an interest in a going enterprise in to a right solely to a payment of money for his shares." Dudley v. Southeastern Factor & Fin. Corp., 446 F.2d 303, 307 (5th Cir.), cert. denied, 404 U.S. 858 (1971). Mr. Anderson still claims to own stock in Mid-Tex, which is a going enterprise. His complaint can more accurately be read to state that there has been a diminution in the value of his stock. However, diminution in value is not within the scope of Section 10(b) and Rule 10b-5. See Ray v. Karris, 780 F.2d 636, 640 n.1 (7th Cir. 1985) ("[Diminution in value] has been held to be outside of the scope of the 'forced seller' concept.") (citing Sargent, 492 F.2d at 764-65; In re Penn Cent. Sec. Litig., 494 F.2d 528, 537 (3d Cir. 1974)); Jeanes v. Henderson, 703 F.2d 855, 860 (5th Cir. 1983) ("Even if [the plaintiff's claim] can be regarded as diluting his interests, [he] still possesses a[n] interest in [a going concern]" such that he cannot be viewed as a "forced seller.").

The Supreme Court dealt with this issue dispositively in Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723 (1975). In Blue Chip the Supreme Court stated that

"[t]hree principal classes of potential plaintiffs are presently barred" from asserting Section 10(b) and Rule 10b-5 claims. Id. at 737. One of the barred classes includes "shareholders . . . who suffered loss in the value of their investment due to corporate or insider activities in connection with the purchase or sale of securities which violate Rule 10b-5." Id. at 738. Mr. Anderson clearly falls within this class of claimants barred by Blue Chip. Thus, Mr. Anderson has no standing in federal court under Section 10(b) and Rule 10b-5.

For the foregoing reasons, we AFFIRM the order of the district court.[2]

Entered for the Court,


Robert H. Henry
Circuit Judge

---

[2] The appellees' motion for double costs and attorneys' fees is denied.