**UNITED STATES COURT OF APPEALS**
**Filed 8/8/96**
**TENTH CIRCUIT**

MYRA A. RENTERIA,

      Plaintiff - Appellant,

      v.

PHYLLIS R. DONAHUE and JOHN E. NIGRO, c/o U.S. DEPARTMENT OF EDUCATION OFFICE FOR CIVIL RIGHTS, REGION VII,

      Defendants - Appellees.

Nos. 95-3357 &  96-3127

(D. Kansas)

(D.C. No. 95-CV-1117-JTM)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9.  This cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

Myra Renteria brought this pro se action against Phyllis R. Donahue and John E. Nigro, two officials of the Office for Civil Rights, Region VII ("OCR"), United States Department of Education.[1] Renteria alleged that OCR discriminated against her and violated the Department's regulations when it closed the file on her discrimination complaint against Wichita State University. She appeals the district court's dismissal.[2] We affirm.

On December 16, 1994, Renteria filed an administrative complaint with OCR, alleging that professors at Wichita State University ("WSU") had discriminated against her while she was a student in various classes on the bases of race (Mexican), sex, and age (37). The incidents she cited occurred from 1987 through the fall of 1993. OCR guidelines provide: "OCR will take action only with respect to those complaints that have been filed within 180 calendar days of the last act of alleged discrimination. . . . Timely complaints include those where the complaint alleges a continuing discriminatory policy or practice." OCR Complaint Resolution Manual, Appellee's Supp. App. at 48.

When OCR contacted Renteria to determine why she had not filed her complaint within the 180-day period, she indicated that she had been disabled with hand injuries for about 3 months, and that she had taken the remaining time to compile all the examples of

_____

[1]Donahue and Nigro were named in their official capacities, and there are no allegations that they acted outside that capacity. Because it is the actions of OCR which are challenged, for simplicity, we refer to OCR as the defendant.

[2]Renteria filed two notices of appeal. On April 24, 1996, an order was entered consolidating the two appeals.

the discrimination. The OCR guidelines do not provide for a waiver of the 180-day period in such circumstances, and OCR advised Renteria that it was closing her case without reaching the merits.

In further correspondence with OCR, Renteria argued that her complaint was exempt from the 180-day requirement because it demonstrated a continuing discrimination. After failing to convince OCR, Renteria filed this action, claiming that OCR violated its complaint resolution procedure, and she asked the court to "[d]etermine the original complaint presented to OCR describes a continuing discriminatory policy or practice." Appellee's Supp. App. at 17. Renteria sought damages for violations of Title VII and for violations of the Age Discrimination Act.

OCR filed a motion to dismiss on May 23, 1995. Renteria never responded, and on August 16, 1995, the district court granted the uncontested motion under Local Rule 206 and on the merits.[3] Liberally interpreting Renteria's complaint, the court found that it lacked subject matter jurisdiction, and it also found that the complaint failed to state a claim upon which relief could be granted. Renteria filed a notice of appeal on October 27, 1995, which was eleven days after the deadline under Fed. R. App. P. 4(a)(1). Thereafter, on November 13, 1995, Renteria filed a timely motion for an extension of

---

[3]U.S. Dist. Kan. P.R. 206 (currently codified at Rule 7) provides that if a respondent fails to file a brief or response to a motion to dismiss within 20 days of service "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Id. Rule 7.4.

time to appeal under Fed. R. App. P. 4(a)(5).  On December 5, 1995, OCR filed a brief

and motion to dismiss the appeal for lack of jurisdiction as untimely.  On March 28, 1996,

the district court granted Renteria's motion for an extension, and we reserved judgment

on the jurisdictional defect.  On April 1, 1996, Renteria filed another notice of appeal

which was consolidated with her earlier appeal.

Although Renteria's original notice of appeal was untimely, the district court's

subsequent grant of her Rule 4(a)(5) motion validates that notice.  Hinton v. City of

Elwood, 997 F.2d 774, 778 (10th Cir. 1993).  Moreover, the court's order expressly

granted Renteria ten days in which to file a timely notice of appeal, pursuant to which she

filed her second notice.  Accordingly, we have jurisdiction.

In her brief to us, Renteria points to no error of the district court.  Rather, she

reargues her allegations against OCR.  Her primary argument seems to be that the

180-day filing deadline does not apply because her complaint alleged a continuing

discriminatory policy or practice.[4]

---

[4]On the merits, OCR argues that Renteria has misconstrued its guideline, and that
the continuing violation provision does not grant an indefinite filing period for such
complaints.  Rather, it asserts that the guideline adopts the continuing violation theory
applied to tort statutes of limitations.  Thus, if the last act of discrimination is part of an
ongoing pattern and occurs within the filing period, allegations concerning earlier acts are
not time-barred.  In order to make a timely claim of a continuing violation, a plaintiff
must establish not only that the illegal act was a continuing practice, but also that the
challenged action was repeated within the statute of limitations period.  See National
Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1166-67 (4th Cir. 1991), cert. denied,
504 U.S. 931 (1992).  We do not reach this argument since Renteria has no private right

(continued...)

We review de novo a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  Urban v. Jefferson Co. Sch. Dist. R-1, ___ F.3d ____, No. 95-1111, 1996 WL 399790, at *4 (10th Cir. July 16, 1996).  We also review de novo a dismissal for failure to state a claim under 12(b)(6).  Kidd v. Taos Ski Valley, Inc., ___ F.3d ____, No. 95-2006, 1996 WL 376886, at *6 (10th Cir. July 5, 1996).  Dismissal is proper if there is no subject matter jurisdiction over the claim, or if the plaintiff can prove no set of facts which would entitle the plaintiff to relief.  See Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir. 1995).

We have carefully reviewed the district court's thorough and well-supported opinion in this case.  R. Vol. I, Tab 9.  We agree with its conclusions that:  1) Renteria has failed to state any claim under Title VII, which prohibits discrimination in employment; 2) Renteria has no private right of action against OCA under either Title VI, Title IX or the Age Discrimination Act; 3) Renteria has no right of direct action against OCA under the Administrative Procedure Act because she has another adequate remedy available in the form of an action against WSU; and 4) Renteria's claim for damages against OCA is barred for failure to exhaust administrative remedies under the Federal Tort Claims Act.

---

[4](...continued)
of action against OCR in any event.

Accordingly, we AFFIRM for substantially the same reasons set forth in the district court's opinion.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge