**UNITED STATES COURT OF APPEALS**
**Filed 9/19/96**
**FOR THE TENTH CIRCUIT**

———

GEORGE WILLIAMS,               )
                                     )
    Plaintiff-Appellant,     )
                                     )
v.                             )      No. 96-1100
                                   )  (D.C. No. 95-S-1030)
ARISTEDES W. ZAVARAS, Director of )   (Dist. of Colo.)
Department of Correction; R.L.    )
HENDERSON, Warden/Superintendent  )
of Centennial Facility, and all    )
others who are employees under his )
control at Centennial Correction   )
Facility; SUS JONES, Disciplinary  )
Hearing Chairman; R. GAUNT, Lt.,   )
Board Member; K. SLUDER, Board     )
Member; CT. PONTIUS, Investigation )
Interviewing Supervisor; CT. ALLEN,)
First Shift Security Supervisor;   )
LT. COMBS, Living Unit B Super-    )
visor; LT. BARRDESSONA, Segregation)
Living Unit A Supervisor; B. FAHEY,)
Sgt. Segregation Living Unit A;    )
JOHN CAROLL, Lt., Case Manager,    )
                                     )
    Defendants-Appellees.    )

———

**ORDER AND JUDGMENT**[*]

———

Before **ANDERSON, BARRETT, and MURPHY,** Circuit Judges.

———

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

George Williams (Williams), an inmate of the Colorado Department of Corrections (DOC), appearing pro se, appeals from the district court's order accepting the Recommendation of the United States magistrate judge and dismissing his 42 U.S.C. § 1983 action.

Williams filed his pro se complaint against named defendants, employees of the DOC, in their official and individual capacities, alleging that the defendants at the Centennial Colorado Facility, as members of the Disciplinary Hearing Board and/or Administrative Appeals Board, had violated his constitutional rights following charges made against him that he had assaulted a staff member and interfered with execution of a search warrant. In a rambling fashion, Williams contended that he had been denied a fair and impartial hearing and denied due process of law. He prayed that the district court " . . . issue an order directing defendants to reverse the finding of guilty, dismiss these charges, reinstate any earn or good time, expugn all reports relating to said violation from Plaintiff's files. Restore all programs, privileges and jobs lost as a result of this action and remove Plaintiff from Administrative Segregation." (R., Vol. I, Tab 3, p. 27).

The district court, in accepting the magistrate's Recommendation, pointed to <u>Sandin v. Conner</u>, 115 S. Ct. 2293 (1995) and observed that the Williams' case facts are very similar. In <u>Sandin</u>, the Supreme Court found that "punishment of incarcerated prisoners . . . effectuates prison management and prisoner rehabiliative goals," <u>id</u>. at 2301, and punishment for a disciplinary violation creates a liberty interest only when "it imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Id</u>. at 2300. The Court held that prison regulations are "not designed to confer rights on inmates." <u>Id</u>. at 2299.

On appeal, Williams contends that the district court erred in concluding that his allegations did not implicate a constitutional liberty interest, citing to <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974) for the proposition that he was entitled to all due process, including calling of witnesses. In <u>Wolff</u>, unlike the case at bar, Nebraska laws bestowed mandatory sentence reduction for good time behavior, revocable only for "flagrant or serious misconduct." 418 U.S. at 545. Further, <u>Wolff</u> held that the accused in a prison disciplinary proceeding has no right to confront and cross-examine witnesses. <u>Id.</u> at 570.

Williams requests that we remand for an evidentiary hearing concerning his allegations that the DOC Disciplinary Board employed unfair procedures which denied him due process of law.

On appeal, from an order dismissing a complaint pursuant to Fed. R. Civ. P. 12 (b)(6), we must, accepting the allegations as true, dismiss if it appears beyond doubt that the plaintiff can prove no set of facts entitling him to relief. Scheuer v. Rhodes, 416 U.S. 232 (1974); Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir. 1995). All well-pleaded factual allegations, as distinguished from conclusory allegations, set forth in the complaint are to be accepted as true and viewed in the light most favorable to the plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Pro se complaints must be held to "less stringent standards than formal pleadings drafted by lawyers." Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972).

We have reviewed the briefs and the record on appeal. Under the rationale of Sandin, Williams has failed to set forth any factual allegations establishing a protected liberty interest. We affirm substantially for the reasons set forth in the magistrate judge's Recommendation of October 17, 1995.

Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge


-4-