**UNITED STATES COURT OF APPEALS**
**Filed 10/1/96**
**TENTH CIRCUIT**

---

MARIO GARZA,

    Plaintiff - Appellant,

v.

CRAIG STANSBURY, Federal Agent, Drug Enforcement Agency; SHAWN FORTUNE, Federal Agent, Drug Enforcement Agency; RANDY MOLLIKIN, Task Force Agent, Wichita KS; JOHN DOE, (Mac) Federal Agent, Drug Enforcement Agency; JOHNNY GREEN, Federal Agent, Drug Enforcement Agency; JOHN DOE, (2) Federal Agent, Drug Enforcement Agency; BLAIR WATSON, Attorney, Assistant Attorney General; DAVID (NMI) LIND, Attorney, Assistant Attorney General; SARAH WELCH, Attorney, Assistant District Attorney; BILL VARGAS, Task Force Agent, Joint Task Force - Wyandotte and Johnson Counties,

    Defendants - Appellees.

No. 95-3351
(D. Ct. No. 95-3378-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Appellant Mario Garza, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging various constitutional violations in connection with his confinement in the Johnson County Detention Center. In particular, Garza alleged that (1) defendants seized approximately $5000 cash from appellant, (2) defendants retracted on agreements for immunity or other special treatment in exchange for appellant's cooperation with drug agents, and (3) defendants violated state criminal laws.

The district court, in an order dated October 12, 1995, dismissed the case pursuant to Fed. R. Civ. P. 12(b)(6), concluding that Garza's allegations failed to state a cause of action under section 1983. We review the sufficiency of a complaint de novo. Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir. 1995). Additionally, because Garza filed his complaint pro se, and continues pro se on appeal, we interpret his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir.

- 2 -

1992). Because we find, as the district court did, that appellant has failed to allege any deprivation of a right secured by the constitution or laws of the United States, we affirm.

The first inquiry in a section 1983 action is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979). If there has been no such violation, the case must be dismissed. Id. In this case, we conclude that the district court was correct in finding nothing in the pleadings that states a claim for relief on constitutional grounds.

On Garza's claim concerning property seized incident to his arrest, Garza must look to state law for resolution of his claim. Garza's allegations, at best, are sufficient to state a claim under state law for theft, see K.S.A. 21-3701, or unlawful forfeiture, see K.S.A. 60-4101, et seq. They do not, however, rise to the level of a violation of the Constitution or federal law. On Garza's claim concerning the breach of alleged agreements for special treatment in exchange for his cooperation with federal drug agents, the district court was correct in concluding that Garza's claims must be resolved in the state criminal proceedings against him. Such allegations, if true, may constitute a defense to criminal prosecution but do not state a claim for relief under § 1983. Garza's final claim that federal drug agents violated state criminal laws also does not state a claim of

constitutional dimension.

The district court's judgment dismissing Garza's civil rights suit is AFFIRMED. We GRANT appellant's motion to proceed in forma pauperis.[1]  All other pending motions are DENIED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

---

[1]Because this appeal and the motion to proceed in forma pauperis were both filed before the Prison Litigation Reform Act, 28 U.S.C. § 1915, we consider appellant's motion under the prior standard.