**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAYMOND H. LADD, )
)
    Plaintiff-Appellant, )
)
v. )      No. 95-3265
)    (D.C. No. 95-CV-3319)
ROBERT D. HANNIGAN, Warden, )    (Dist. of Kan.)
Hutchinson Correctional Facility; )
GORDON BROWN, Correctional )
Officer, Hutchinson Correctional )
Facility, )
)
    Defendants-Appellees. )
)
)
RAYMOND H. LADD, )
)
    Plaintiff-Appellant, )
)
v. )      No. 95-3266
)    (D.C. No. 95-CV-3305)
ROBERT D. HANNIGAN, Warden, )    (Dist. of Kan.)
Hutchinson Correctional Facility; )
SHARON L BAUCOM, Statewide )
Medical Director; OWEN E. CARPER, )
Doctor, Hutchinson Correctional )
Facility; W. STOKES, Unit Team )
Manager, Hutchinson Correctional )
Facility; DENNIS HOWARD, Unit )
Team Counselor, Hutchinson )
Correctional Facility; DEBRA )
WARDLY, Nurse, DIANE ROHAR, )
Nurse, Hutchinson Correctional Facility; )
(NFN) FLOOD, )
)
    Defendants-Appellees. )

RAYMOND H. LADD,                          )
                                          )
    Plaintiff-Appellant,            )
                                          )
v.                                        )            No. 96-3005
                                          )     (D.C. No. 95-CV-3513)
JIMMY DOE, Dietitian, and M. RENO,  )        (Dist. of Kan.)
                                          )
    Defendants-Appellees,           )
                                          )
                                          )
RAYMOND H. LADD,                          )
                                          )
    Plaintiff-Appellant,            )
                                          )
v.                                        )            No. 96-3046
                                          )     (D.C. No. 95-CV-3564)
LOUISIA OSBORNE, Director of              )      (Dist. of Kan.)
Nursing, Hutchinson Correctional         )
Facility; OWEN E. CARPER, Doctor,        )
Hutchinson Correctional Facility;        )
DENNIS GOFF, ARNP, Hutchinson            )
Correctional Facility; VICKY JONES,      )
Nurse, Hutchinson Correctional Facility; )
CAROLINE COFFEY, Nurse,                  )
Hutchinson Correctional Facility,        )
                                          )
    Defendants-Appellees.           )

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, BARRETT, and BALDOCK** Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Cir. R. 36.3.

- 2 -

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

In these cases, Raymond H. Ladd (Ladd), appearing *pro se* and having been granted leave to proceed *in forma pauperis*, appeals the district court's orders dismissing his civil rights complaints.

### No. 95-3265

On August 1, 1995, Ladd filed this civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that prison officials deprived him of his Constitutional rights by seizing and reading his mail. In particular, Ladd asserts that officers seized and read two "legal" pieces of mail that were addressed to him regarding another inmate's legal matters and a letter addressed to him from another inmate's mother.

On August 9, 1995, the district court dismissed Ladd's complaint for failure to state a claim upon which relief may be granted. (ROA, Vol. I, Tab 4). The district court found that Ladd's allegations demonstrated that the materials in question were briefly seized for investigation and then released to Ladd within a short period of time. Id.

### No. 95-3266

On July 25, 1995, Ladd filed this civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that he was subjected to cruel and unusual punishment when prison official required

him to wear headphones or earphones to listen to his television and radio. Ladd asserts that he has a medical condition that prevents him from wearing headphones or earphone which was treated with deliberate indifference by the medical personnel at Hutchinson Correctional Facility.

On August 9, 1995, the district court dismissed Ladd's complaint as frivolous pursuant to 28 U.S.C. § 1915(d). The district court found that Ladd's "allegations fall far short of the level of severity contemplated by the Eighth Amendment and fail to state a claim for relief." (ROA, Vol. I, Tab 4 at 2).

## No. 96-3005

On December 4, 1995, Ladd filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that he was denied his special diabetic diet on certain occasions when he was housed at the Lansing Correctional Facility and that certain of his medications were confiscated and destroyed during his transfer from Lansing Correctional Facility to Hutchinson Correctional Facility resulting in a twenty day delay in obtaining new prescriptions.

On December 21, 1995, the district court dismissed Ladd's complaint for failure to state a claim upon which relief may be granted. (ROA, Vol. I, Tab. 4). The district court found that Ladd failed to identify such an unacceptable risk to his health or safety or even suggest deliberate indifference to his medical needs. The court found that Ladd provided no evidence that his lack of information regarding the confiscation of his medications subjected him to more than inconvenience. The district court also noted that prison officials at Lansing

Correctional Facility were responsive to Ladd's complaints regarding the special diabetic meals as he received some relief through the grievance process.

<u>No. 96-3046</u>

On December 29, 1995, Ladd filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that his Constitutional rights were violated by the failure to notify him for approximately sixty days of a change in the amount of insulin prescribed to him.

On January 24, 1996, the district court dismissed Ladd's complaint for failure to state a claim upon which relief may be granted. (ROA, Vol. I, Tab 4). In dismissing Ladd's complaint, the district court found that his "allegations suggest, at most, a delay in providing him information concerning his medical care. Even assuming that his claim is factually accurate, . . . he presents no information which reasonably suggests he suffered any medical consequences which might rise to a level of deliberate indifference . . .." <u>Id</u>. at 2.

<u>Discussion</u>

On appeal, Ladd reiterates the claims he made to the district court in his original complaints. We review the sufficiency of a complaint *de novo* and will uphold a district court's dismissal for failure to state a claim only when it appears that the plaintiff cannot prove facts in support of his claims which would entitle him to relief. <u>Roman v. Cessna Aircraft Co.</u>, 55 F.3d 542, 543 (10th Cir. 1995). In making this determination, we must accept all the well-pleaded allegations of the complaint as true and construe them in the light

most favorable to the plaintiff, id., keeping in mind that *pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). However, we review the district court's dismissal pursuant to § 1915(d) only for abuse of discretion. Green v. Seymour, 59 F.3d 1073, 1077 (10th Cir. 1995) (quoting Denton v. Hernandez, 504 U.S. 25, 33 (1992)).

After a careful review of the record in No.s 95-3265, 96-3005, and 96-3046, we agree with the district court. We hold that, even accepting all Ladd's allegations as true, he failed to state a claim for relief in all three cases. In No. 95-3266, we hold that the district court did not abuse its discretion in dismissing Ladd's civil rights complaint pursuant to § 1915(d).

Conclusion

In 95-3265, we AFFIRM substantially for the reasons set forth in the district court's Memorandum and Order of August 9, 1995, dismissing district court case No. 95-CV-3319. In 95-3266, we AFFIRM substantially for the reasons set forth in the district court's Memorandum and Order of August 9, 1995, dismissing district court case No. 95-CV-3305. In case No. 96-3005, we AFFIRM substantially for the reasons set forth in the district court's Order of January 4, 1996. In case No. 96-3046, we AFFIRM substantially for the reasons set forth in the district court's Order of January 24, 1996.

The mandate shall issue forthwith.

**AFFIRMED.**

Entered for the Court:


James E. Barrett,
Senior United States
Circuit Judge