**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 23 1998**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

LEONARD FOSTER,

  Plaintiff-Appellant,

v.

MIKE NELSON, Warden of El Dorado
Correctional Facility; DON E.
THOMAS, Deputy Warden of El
Dorado Correctional Facility;
KENNETH LUMAN, Assistant
Deputy Warden of El Dorado
Correctional Facility; STEVE
SHERWOOD, Attorney for Legal
Services for Prisoners, Inc.; APRIL
SEARFOSS, Mail Room Clerk,

  Defendants-Appellees.

No. 98-3069
(D.C. No. 97-3310-GTV)
(D. Kan.)

## ORDER AND JUDGMENT[*]

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

---

  [*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Leonard Foster ("Foster"), a prisoner at the El Dorado Correctional Facility in Kansas, brought a civil rights complaint against El Dorado officials ("Appellees") in district court under 42 U.S.C. § 1983, alleging that his First and Fourteenth Amendment rights had been violated by Appellees' withholding of certain commercial catalogues, featuring automotive racing parts and airplane parts, that had been sent to Foster in the mail. The district court dismissed Foster's suit for failure to state a claim for relief and ordered him to pay his full filing fee. See Foster v. Nelson, No. 97-3310-GTV, at 3 (D. Kan. Nov. 26, 1997) (unpublished order). The district court subsequently denied Foster's motion for reconsideration. Foster now appeals the dismissal of his claim and requests that this court grant him in forma pauperis status.

We review the sufficiency of a civil complaint de novo. See Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir. 1995). 42 U.S.C.A. § 1983 (West Supp. 1998) provides for a civil cause of action against any person who, under color of state law, deprives the plaintiff of his or her "rights, privileges, or immunities secured by the Constitution and laws" of the United States. Foster alleges that Appellees violated his constitutional rights by refusing to allow catalogues to be delivered to him. However, this court has clearly stated that a "complaint about undelivered catalogues fails to raise an issue of constitutional magnitude." Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990). Moreover,

the only body of non-constitutional federal law Foster points to, for the first time on appeal, are the United States Bureau of Prisons' regulations governing incoming publications to prisoners, 28 C.F.R. § 540.70 and § 540.71. This court does not, as a general rule, consider issues raised for the first time on appeal. See United States v. Contreras, 108 F.3d 1255, 1269 (10th Cir. 1997). However, we can readily dispose of Foster's claim that the defendants' alleged violation of these federal regulations gives rise to an injury under § 1983, because the regulations relied upon by Foster explicitly apply only to federal penal institutions and the inmates held there, and thus do not flesh out any federal rights, privileges, or immunities vis-à-vis state prisoners. See 28 C.F.R. § 500.1 (1997).

Because we find, as the district court did, that Foster has failed to allege any deprivation of a right secured by the Constitution or laws of the United States, we AFFIRM the district court's dismissal of Foster's § 1983 claim, and, because Foster's claim is frivolous, his request for in forma pauperis status is DENIED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge


- 3 -