# UNITED STATES COURT OF APPEALS
<u>Filed 1/2/97</u>TENTH CIRCUIT


C.A. McCRACKEN,

      Plaintiff-Appellant,

v.                                                        Case No. 96-1164

JOHN D. PHILLIPS and                    (D.C. 95-B-1547)
ADOLPH COORS COMPANY, INC.,       (District of Colorado)

      Defendants-Appellees.

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. We deny appellant's motion for

oral argument, and order the case submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pro se plaintiff-appellant Cherie A. McCracken appeals the district court's order granting defendants-appellees John D. Phillips's and Adolph Coors Company, Inc.'s motions to dismiss her complaint. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

This appeal arises from Ms. McCracken's claims of fraud and abuse of privacy related to her 1991 divorce from Mr. Phillips. Ms. McCracken alleged that Mr. Phillips failed to include in his financial affidavits related to their divorce decree the correct value of his house and retirement benefits under a pension plan sponsored by his former employer Coors. On this basis, Ms. McCracken alleged an entitlement to a portion of the value of the house and pension benefits. The defendants moved to dismiss Ms. McCracken's complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

The district court, in an order entered August 16, 1995, granted defendants' motions, finding that it lacked subject matter jurisdiction over family matters and that Ms. McCracken lacked standing under the Employee Retirement Income Security Act ("ERISA") of 1974, 29 U.S.C. § 1001 et seq. because she was not a plan participant or beneficiary. On March 29, 1996, Ms. McCracken filed a "Motion to Open" the case. The district court denied her "Motion to Open" on April 1, 1996. On April 18, 1996, Ms. McCracken filed a notice of appeal with the district court. In her opening brief, she

2

challenges the district court's August 16, 1995 order granting the defendants' motions to dismiss.

As an initial matter, we must determine whether this court has jurisdiction to hear Ms. McCracken's appeal. We acquire jurisdiction over an appeal from a district court decision only upon the timely filing of a notice of appeal. See Smith v. Barry, 502 U.S. 244, 245 (1992); TBG, Inc. v. Bendis, 36 F.3d 916, 920 (10th Cir. 1994). Generally, under Fed. R. App. P. 4(a)(1), the notice of appeal in a civil case must be filed within 30 days of the entry of judgment. Here, Ms. McCracken's notice of appeal was filed more than 30 days after the August 16, 1995 order. Her March 29, 1996 "Motion to Open" did not extend the time to file an appeal from the August order because it does not fit within any of the exceptions under Fed. R. App. P. 4(a)(4).

In reviewing the district court record in this case, however, we find that the district court's August 16, 1995 order dismissing Ms. McCracken's complaint did not meet the requirements for a final judgment under Fed. R. Civ. P. 58. Rule 58 provides, in pertinent part, that "[e]very judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a)," which governs civil docket entries. Because the time for filing an appeal does not begin to run until a judgment set forth on a separate document is entered and because no such judgment was ever entered in this case, Ms. McCracken's notice of appeal was not untimely with respect to the district court's August 16, 1995 order.

3

Because the district court never entered a final judgment in this case, we must consider whether remand is appropriate. As previously held by this court in a similar case, "[e]fficiency and judicial economy would not be served by requiring the parties to return to the district court to obtain a separate judgment." Clough v. Rush, 959 F.2d 182, 186 (10th Cir. 1992). We are confronted here with an analogous situation and have before us all the facts necessary to decide this case. Accordingly, we accept jurisdiction and proceed to the merits of Ms. McCracken's appeal.

We review de novo both a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), Urban v. Jefferson County School Dist. R-1, 89 F.3d 720, 724 (10th Cir. 1996), and a dismissal for failure to state a claim on which relief can be granted under Rule 12(b)(6), Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 854 (10th Cir. 1996). Dismissal is proper if there is no subject matter jurisdiction over the claim, or if the plaintiff can prove no set of facts which would entitle her to relief. See Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir. 1995). Furthermore, where the plaintiff is acting pro se, as in the present case, we construe the pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam); White v. Colorado, 82 F.3d 364, 366 (10th Cir. 1976).

Upon careful review of the record, we agree with the district court that defendants' motions to dismiss were properly granted. First, the federal courts do not have diversity jurisdiction over domestic relations matters such as those articulated by Ms. McCracken

4

which relate to the reopening of a divorce decree and settlement. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) ("[T]he domestic relations exception [to diversity jurisdiction], as articulated by this Court . . . divests the federal courts of power to issue divorce, alimony, or child custody decrees"). Second, while the district court does have federal question jurisdiction to decide claims properly related to ERISA, Ms. McCracken has provided no facts to support any allegation that she is either an ERISA plan "participant" or "beneficiary" and, therefore, she has no standing to bring a civil enforcement action under the statute. See 29 U.S.C. § 1132(a). If, in fact, Ms. McCracken's claims of fraud with regard to the divorce settlement are to be litigated, those claims belong in state, not federal, court.

The district court's order dismissing Ms. McCracken's complaint is AFFIRMED. The mandate shall issue forthwith.


Entered for the Court,


Robert H. Henry
Circuit Judge


5