**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 4 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JOHN L. HAWKES, JR.,

        Plaintiff-Appellant,

v.

WYOMING DEPARTMENT OF
CORRECTIONS HONOR
CONSERVATION CAMP, CAPTAIN
OF SECURITY, aka Ron Munoz, in
his official capacity; WYOMING
DEPARTMENT OF CORRECTIONS
HONOR CONSERVATION CAMP
SUPERINTENDENT, aka Barry
Peterson, in his official capacity as
Acting Superintendent; WYOMING
DEPARTMENT OF CORRECTIONS
STATE PENITENTIARY WARDEN,
aka James Ferguson, in his official
capacity; WYOMING DEPARTMENT
OF CORRECTIONS DIRECTOR, in
her official capacity aka JUDY
UPHOFF; RON MUNOZ,
individually; BARRY PETERSON,
individually; JAMES FERGUSON,
individually; JUDY UPHOFF,
individually,

        Defendants-Appellees.

No. 97-8006
(D.C. No. 96-CV-129)
(D. Wyo.)

---

ORDER AND JUDGMENT[*]

---

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff John L. Hawkes, Jr. appeals from an order of the district court dismissing his complaint under Fed. R. Civ. P. 12(b)(6) prior to service on defendants. We dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i),(ii).

In this 42 U.S.C. § 1983 action, Mr. Hawkes alleged he was denied his constitutional right of access to the courts as he was denied access to an adequate law library. He also alleged he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. He further contended he was denied due process and equal protection because his disciplinary hearing was held less than twenty-four hours after he was served with charges and the hearing officer and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

disciplinary committee chairman were the same person in violation of prison regulations.

We review a district court's order dismissing a complaint for failure to state a claim de novo. See Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir. 1995). We will uphold the dismissal

> only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief.
>
> In making this determination, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff.

Id. (quotations omitted).

Mr. Hawkes alleged he was denied his constitutional right of access to the courts because the honor camp where he was imprisoned had an inadequate law library. He stated that as a result of the inadequate law facility he lost custody of his minor child.

The right of access to the courts and the concomitant right to an adequate law library or legal assistance, as set forth in Bounds v. Smith, 430 U.S. 817, 821, 828 (1977),

> does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating

capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Lewis v. Casey, 116 S. Ct. 2174, 2182 (1996).

Mr. Hawkes suffered no constitutional deprivation because he was unable to prepare adequately for his child custody hearing. Mr. Hawkes' argument that the right of access to the court must include more than just the right to challenge his sentence and conditions of confinement is unavailing.

Mr. Hawkes also alleged he was placed in a cold, unheated detention cell for five days in January. In his complaint, Mr. Hawkes acknowledged that the heat was fixed two days after he filed a grievance. See R. tab. 1 at 2(f).

An inmate must meet two prerequisites before the conditions of his confinement implicate the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). First he must show that the condition he complains of was objectively serious enough to demonstrate that he was deprived of the "'minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Secondly, the inmate must show that the named prison official acted with deliberate indifference to his health or safety. See id. (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)).

Thus, while an allegation of inadequate heating may state an Eighth Amendment violation, see, e.g., Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir. 1980), cold temperatures for a short period of time do not alone necessarily result

in a constitutional violation.  Mr. Hawkes' general comments with respect to the cold temperature, in and of themselves, are not sufficient to establish an objectively serious threat to his life or health.

Furthermore, Mr. Hawkes does not allege that he was not given adequate bedding, blankets, etc. to help him deal with the cold.  Also, he acknowledged that two days after he filed a grievance and five days after he had been placed in the cell, the heating problem was fixed.  Additionally, quite apart from his failure to state a condition sufficiently serious to show an objective deprivation to meet the first prong, his complaint fails completely to state a culpable state of mind on the part of prison officials.  Mr. Hawkes states no constitutional claim on this issue.

Lastly, Mr. Hawkes asserts he was denied due process and equal protection because his disciplinary hearing was held less than twenty-four hours after he was served with charges and the hearing officer and committee chairman were the same person in violation of prison regulations.  The record contains Mr. Hawkes' signed waiver of the mandatory seventy-two hour waiting period.  See R. tab. 13: "Waiver of 72 Hour Notice."[1]  Mr. Hawkes' waiver of the waiting period negates

---

[1]    The waiver is part of the materials submitted by defendants in response to the court's order.  See Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir. 1978). While a court cannot resolve material disputes of fact by accepting a Martinez report's factual findings when they conflict with the pleadings, see Hall v.

(continued...)

his claim. The waiver contains no restriction indicating Mr. Hawkes was demanding a minimum of twenty-four hours before the hearing be held.

Mr. Hawkes' complaint that prison officials' failure to follow prison procedures, is likewise not actionable. "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." Olim v. Wakinekona, 461 U.S. 238, 250 (1983), cf. Sandin v. Conner, 515 U.S. 472, ___, 115 S. Ct. 2293, 2298-2300 (1995)(rejecting concept that prison regulations are more than procedural guidelines which confer protectable due process and liberty rights on inmates; rather these rights are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). Mr. Hawkes has failed to allege any violation to any of his substantive interests which he had a legitimate claim of entitlement.

---

[1](...continued)
Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991), the court may accept additional facts contained in the report which clarify a plaintiff's complaint, see Taylor v. Wallace, 931 F.2d 698, 700 n.3 (10th Cir. 1991). Here, the waiver confirms Mr. Hawkes' allegation that his disciplinary hearing was held prior to the time set forth in the prison regulations, but clarifies that that situation occurred because Mr. Hawkes agreed to it.

This appeal is frivolous or fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) or (ii) for purposes of counting "prior occasions" under 28U.S.C. § 1015(g). The appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court


Stephen H. Anderson
Circuit Judge