**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 15 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JOHNNY DAVID ESTRADA,

      Plaintiff - Appellant,

v.

CAPTAIN KRUSE,

      Defendant - Appellee.

No. 01-1381
(D.C. No. 00-B-1896)
(D. Colorado)

---

ORDER AND JUDGMENT *

---

Before **KELLY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

Plaintiff Johnny D. Estrada, a prisoner of the State of Colorado appearing

pro se, appeals from the district court's dismissal under Fed. R. Civ. P. 12(b)(6)

of his civil rights suit brought under 42 U.S.C. § 1983. He also moves for leave

to proceed on appeal in forma pauperis. We have jurisdiction under 28 U.S.C.

§ 1291.

---

\*     The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The Court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Plaintiff asserted five claims, four of which were dismissed sua sponte by the district court. Plaintiff asserted in his remaining claim that he was subjected to cruel and unusual punishment when he was held for four nights and five days in a stripped basement intake cell in September 1998 with minimal clothing and bedding, no personal hygiene items, and no cleaning supplies for the cell. He later moved to add another plaintiff and other defendants, and also moved to amend his complaint to add an allegation that he could not sleep well while confined in his basement cell because it was cold.

Defendant moved to dismiss under Fed. R. Civ. P. 12(b)(6). The magistrate judge considered plaintiff's claim on the merits, recommending that his motions be denied and the complaint dismissed. The magistrate judge reasoned that plaintiff failed to allege or demonstrate, even in his tendered amended complaint, that he suffered physical injury as a result of his confinement, as required by 42 U.S.C. § 1997e(e). The magistrate judge further determined that plaintiff's claim for punitive damages failed because he did not show that defendant's actions were motivated by evil motive or intent, or involved reckless or callous indifference to plaintiff's federally protected rights. See Smith v. Wade, 461 U.S. 30, 56 (1983). Finally, the magistrate judge concluded that plaintiff's claims of inhumane treatment did not rise to the level of a constitutional violation in any event.

The district court reviewed plaintiff's objections de novo, adopted the magistrate judge's recommendation, denied plaintiff's motions, and dismissed the complaint. "We review the sufficiency of a complaint de novo . . . and will uphold a dismissal [under Fed. R. Civ. P. 12(b)(6)] only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." Roman v. Cessna Aircraft Co., 55 F.3d 542, 543 (10th Cir. 1995) (quotation omitted).

Plaintiff argues on appeal that: (1) the magistrate judge and the district court improperly used a life-threatening standard for physical injury; (2) he was improperly denied leave to amend his complaint before it was dismissed; (3) the district court's dismissal was contrary to law; (4) he was improperly denied leave to add parties under Fed. R. Civ. P. 19(a); and (5) counsel should be appointed.

We have carefully reviewed the parties' materials and the record on appeal. We agree with the reasoning of the magistrate judge, as adopted by the district court, that plaintiff's allegations of cruel and unusual punishment do not rise to the level of a constitutional violation. We also agree that amendment would have been futile, and his motion to amend was appropriately denied. We need not address plaintiff's other claims of error.

The motion to proceed on appeal in forma pauperis is **GRANTED**. We remind plaintiff that he is obligated to continue making partial payments until the entire fee has been paid.

The judgment is **AFFIRMED**. The mandate shall issue forthwith.

Entered for the Court


Carlos F. Lucero
Circuit Judge