**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 20, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
————————————————————

JOSEPH RASCÓN,

    Plaintiff - Appellant,

v.

DONALD DOUGLAS; MAUREEN
BIXENMAN; LISA STABER, CORIZON
MEDICAL CORP.;

    Defendants - Appellees,

and

LEA COUNTY CORRECTIONAL
FACILITY; V. KEELING; G.E.O.
GROUP INC.; FNU ELIZANDRO; FNU
ALVARADO; FNU RESENDEZ; FNU
HILL; FNU COOPER; FNU
BALDANADO; VALERIE NEAGLE;
JERRY ROARK,

    Defendants.

No. 16-2251
(D.C. No. 2:15-CV-00067-MV-GJF)
(D. N.M.)

————————————————————

**ORDER AND JUDGMENT**[*]
————————————————————

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **MATHESON**, Circuit Judges.

———————————

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Joseph Rascón, a New Mexico prisoner proceeding pro se, appeals the district court's orders granting motions for dismissal and summary judgment on his claims of cruel and unusual punishment in violation of the Eighth Amendment. He requests leave to proceed on appeal *in forma pauperis* (IFP). Exercising jurisdiction under 28 U.S.C. § 1291, we grant the IFP motion and affirm.

## I. BACKGROUND

Mr. Rascón is incarcerated at the Lea County Correctional Facility (LCCF) in Hobbs, New Mexico. He suffers from painful arthritis and degenerative bone disease, for which he was given morphine. He was scheduled to have bilateral hip-replacement surgery in February 2014, but he refused. Consequently, his pain medication was changed from morphine to other drugs. He was placed in a medical-observation cell to monitor his withdrawal from morphine and receive drugs for morphine withdrawal and pain. Mr. Rascón alleged that the substitute drugs did not alleviate his pain and he was forced to sleep on the cell's steel-slab bed without a mattress for four nights.

After exhausting the prison grievance procedures, *see* 42 U.S.C. § 1997e(a), Mr. Rascón filed suit under 42 U.S.C. § 1983 claiming the four-night lack of a mattress and the change in his medication constituted cruel and unusual punishment. He further alleged that he was denied morphine and placed in the medical-observation cell in retaliation for refusing the surgery.

2

The district court examined the complaint under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6). It ruled the complaint failed to state a claim against defendants Corizon Medical Corp., G.E.O. Group Inc., Keeling, Elizandro, Alvarado, Resendez, Hill, Cooper, Baldanado, Neagle, and Roark. The court said the supervisory defendants could not be held vicariously liable under the doctrine of respondeat superior, and the complaint did not allege the requisite personal involvement by the individual defendants. It ordered the remaining three defendants, Dr. Staber, the Regional Medical Director for Corizon; Ms. Bixenman, a physician's assistant; and Mr. Douglas, the Health Services Administrator,[1] to file a *Martinez* report, *see Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), to "identify and clarify the issues plaintiff raise[d] in his complaint," *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991).

After filing the *Martinez* report, the remaining three defendants moved for summary judgment. The district court granted the summary judgment motion and denied Mr. Rascón's motion to alter or amend the judgment. Mr. Rascón appeals the order dismissing Corizon for failure to state a claim and the summary judgment granted to Dr. Staber, Ms. Bixenman, and Mr. Douglas.

---

[1] Corizon, a private health-care provider, contracted to provide services to LCCF prisoners. During the relevant time period, Dr. Staber, Ms. Bixenman, and Mr. Douglas were employed by Corizon. The defendants do not contest that they acted under color of state law for § 1983 purposes.

3

## II. DISCUSSION

### A. *Standard of Review*

We review de novo the district court's dismissal under Rule 12(b)(6) for failure to state a claim. *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017). We will affirm the dismissal if the complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

We also review de novo the district court's grant of summary judgment, viewing the evidence and drawing all reasonable inferences in favor of Mr. Rascón as the nonmoving party. *Foster v. Mountain Coal Co.,* 830 F.3d 1178, 1186 (10th Cir. 2016). "The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material only if it might affect the outcome of the suit under the governing law. And a dispute over a material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Foster,* 830 F.3d at 1186 (internal quotation marks omitted).

We liberally view Mr. Rascón's pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

4

B. *Dismissal of Corizon*

Mr. Rascón challenges the order dismissing Corizon. He contends Corizon is vicariously liable for injuries inflicted by its employees. But "vicarious liability is inapplicable to . . . § 1983 suits." *Iqbal*, 556 U.S. at 676. The district court properly dismissed this claim.[2]

C. *Tort Theories Not Applicable*

In asserting the defendants are liable for his suffering, Mr. Rascón invokes several tort theories, such as res ipsa loquitur, the borrowed-servant doctrine, medical negligence, a duty of ordinary care, a hospital's negligent credentialing of staff physicians, a physician's abandonment of her patient, medical malpractice, and the "dual capacity doctrine" of medical malpractice. But the standard of care in Eighth Amendment prisoner conditions-of-confinement cases brought under § 1983 is deliberate indifference, not negligence. *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976) (holding an Eighth Amendment conditions-of-confinement claim requires an inmate to show that there has been deliberate indifference to his serious medical needs). This is "why *res ipsa loquitur* [and other tort theories] do[] not apply." *Clark-Murphy v. Foreback*, 439 F.3d 280, 286 (6th Cir. 2006) (citing *Sweeney v.*

_____

[2] In his reply brief, Mr. Rascón argues that other defendants are also vicariously liable. Although we generally do not address arguments presented for the first time in a reply brief, *see Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) ("Arguments not clearly made in a party's opening brief are deemed waived."), these other defendants also cannot be held vicariously liable under § 1983. *See Iqbal*, 556 U.S. at 676. We do not address Mr. Rascón's claims raised for the first time in his reply brief concerning the denial of a temporary restraining order, his need for a wheelchair, or his attempt to invoke the Americans with Disabilities Act.

5

*Erving,* 228 U.S. 233 (1913)).  Legal theories applicable to criminal law are also not applicable, such as Mr. Rascón's arguments for applying ignorance or mistake of law and refusal of a mistake-of-fact jury instruction in a child-abuse case.

### D. *Deliberate Indifference – Discontinuation of Morphine*

We turn to Mr. Rascón's argument that the discontinuation of morphine violated the Eighth Amendment.

### 1. **Legal background**

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).  Deliberate indifference involves both an objective and a subjective component. *Id.*  The objective component is met if the deprivation is sufficiently serious. *Id.*  The parties do not dispute that Mr. Rascón's arthritis and degenerative bone disease were sufficiently serious to satisfy the objective component.  Consequently, we evaluate only the subjective component.  *See Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006) (analyzing only the subjective component where the parties agreed the objective component was met).

To satisfy the subjective component, the plaintiff must "present evidence of the prison official's culpable state of mind." *Mata*, 427 F.3d at 751.  An official will not be held responsible unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must

6

also draw the inference." *Self,* 439 F.3d at 1231 (internal quotation marks omitted). An official may be liable if he knew the prisoner "faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it." *Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir. 1999) (internal quotation marks omitted).

Our cases recognize two ways to show the subjective component. "First, a medical professional may fail to treat a serious medical condition properly," and second, a prison official may act as a gatekeeper and "prevent an inmate from receiving treatment or deny him access to medical personnel capable of evaluating the need for treatment." *Sealock v. Colorado,* 218 F.3d 1205, 1211 (10th Cir. 2000). In either case, the "inadvertent failure to provide adequate medical care," which is tantamount to negligence, does not satisfy the deliberate indifference standard. *Estelle,* 429 U.S. at 105-06.

2. **Analysis**

In her affidavit, Dr. Staber explained that Mr. Rascón was prescribed morphine to provide short-term pain relief until undergoing his hip-replacement surgery. Morphine was not prescribed for long-term treatment. She stated that one of morphine's common side effects is psychological and physical addiction, and there is an increased risk of abuse, misuse, and diversion of such drugs in the prison setting. Mr. Rascón also received Norco for pain during a brief period before his scheduled surgery.

After Mr. Rascón refused the surgery, Dr. Staber determined as the proper medical course that his medication should be changed from morphine and Norco to

7

non-narcotic pain relievers. She directed Mr. Rascón to be placed in a medical-observation cell so his condition could be monitored. While there, Mr. Rascón was administered medications to alleviate the side effects of morphine withdrawal as well as pain. Dr. Staber stated that during this time she was not at the prison. After she directed Mr. Rascón's placement in a medical-observation cell with appropriate medications and monitoring, she had no further involvement, though she remained available to address any emergency situation.

Physician's Assistant Bixenman also filed an affidavit. She described Mr. Rascón's medication and treatment, which was similar to Dr. Staber's description. She implemented the Corizon medication protocol for withdrawal from morphine and administered various drugs for withdrawal, pain, and nausea. She monitored Mr. Rascón's vital signs daily, except for his second day in the medical-observation cell when the corrections officer on duty could not find the keys to his cell.

In his affidavit, Mr. Douglas explained that as the Health Services Administrator at LCCF, his duties were administrative and organizational rather than providing medical treatment. He was therefore not involved in the decisions to withdraw Mr. Rascón's morphine or to place him in a medical-observation cell.

Mr. Rascón's responses to these affidavits lack merit.

First, he says a different prison doctor, Dr. Birnbaum, later reinstated his treatment with morphine on July 18, 2016, twenty-nine months after Dr. Staber decided to withdraw the morphine, thus proving that Dr. Staber's decision to withdraw

8

morphine was wrong.  Even if a different medical decision made almost two and one-half years after the original decision showed a disagreement about treatment, "[i]t is well established that a difference of opinion between two doctors is insufficient to survive summary judgment on a deliberate-indifference claim," *Zaya v. Sood*, 836 F.3d 800, 803 (7th Cir. 2016).  Moreover, Mr. Rascón's disagreement with Dr. Staber's treatment decisions does not state an Eighth Amendment claim.  "Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation."  *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010)

Second, Mr. Rascón asserts that Dr. Staber's decision to prescribe Norco in place of morphine demonstrated her intent to force him to have the surgery because morphine withdrawal would cause him duress.  He claims Officer Resendez, a guard at LCCF, told him that this was the plan.  But Officer Resendez's statement does not support this argument.  It said only that he saw Mr. Rascón without a mattress in the medical-observation cell.

Third, Mr. Rascón complains that Ms. Bixenman originally signed his refusal-of-surgery form as a witness and that her signature was subsequently crossed out as an error.  *See* R. Doc. 12, at 6.  He asserts this shows Ms. Bixenman committed perjury, but he does not explain how crossing off her name on the form is evidence of deliberate indifference.  Mr. Rascón also relies on the surgery-refusal form to allege Mr. Douglas "attempted fraud to break (morphene) acceptance for pain."  [sic]  Aplt. Opening Br. at 21; *see also* Aplt. Reply Br. at 29 ("Mr. Douglas forged a pain-

medication refusal form in order to minimize denial of mattress."). Again, the surgery-refusal form does not permit the inference that Mr. Douglas was deliberately indifferent. Moreover, Mr. Douglas did not sign the form.

Based on the foregoing, we determine that Mr. Rascón raised no genuine issue of material fact that Dr. Staber, Ms. Bixenman, or Mr. Douglas were deliberately indifferent to his serious medical needs. The district court properly granted summary judgment in their favor.

E. *Condition of Confinement – Lack of Mattress*

Placement in the medical-observation cell to discontinue Mr. Rascón's morphine was based on Dr. Staber's medical judgment and raises no Eighth Amendment concern. Mr. Rascón further alleges that requiring him to spend four nights in the medical-observation cell without a mattress violated the Eighth Amendment. Mr. Rascón has not cited, and we have not found, a case holding that absence of a mattress in the circumstances presented here rises to an Eighth Amendment violation. Even if Mr. Rascón could make a colorable claim, the absence of clearly established law and the doctrine of qualified immunity preclude liability.

1. **Legal Background**

> Prison officials are required to insure that inmates receive adequate food, clothing, shelter and medical care. An inmate making an Eighth Amendment claim for constitutionally inadequate conditions of confinement must allege and prove an objective component and subjective component associated with the deficiency. The objective component requires conditions sufficiently serious so as to deprive inmates of the minimal civilized measure of life's necessities.

10

Alternatively, a condition must be sufficiently serious so as [to] constitute a substantial risk of serious harm. The subjective component requires that a defendant prison official have a culpable state of mind, that he or she acts or fails to act with deliberate indifference to inmate health and safety.

*Shannon v. Graves*, 257 F.3d 1164, 1168 (10th Cir. 2001) (citations and internal quotation marks omitted).

Qualified immunity "shields public officials from damages actions unless their conduct was unreasonable in light of clearly established law." *Henderson v. Glanz*, 813 F.3d 938, 951 (10th Cir. 2015) (ellipsis and internal quotation marks omitted). Generally, "in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Id.* (internal quotation marks omitted).

2. **Analysis**

We have found no case, and Mr. Rascón has not provided one, holding that denying a prisoner a mattress under the circumstances alleged here satisfies the objective component of an Eighth Amendment claim. Although lack of bedding in combination with other deprivations could state an Eighth Amendment violation, *see Mitchell v. Maynard*, 80 F.3d 1433, 1443 (10th Cir. 1996) (holding an Eighth Amendment violation could be established by "lack of heat combined with the lack of clothing and bedding, the deprivation of exercise for an extensive period of time, the lack of hot water, the denial of toilet paper, the removal of his prescription

11

eyeglasses, the lack of adequate ventilation and the denial of writing utensils"),[3] the

conditions alleged in *Gregory v. Wyse,* 512 F.2d 378, 380, 382 (10th Cir. 1975), did

not amount to cruel and unusual punishment—confinement for at least ten days in a

small cell with only a cement slab for a bed, no bedding, a light in the cell on at all

times, two meals per day, and one shower per week. Similarly, in an unpublished

opinion this court held that allegations that a prisoner was held for four nights and

five days in a stripped basement intake cell with minimal clothing and bedding, no

personal hygiene items, and no cleaning supplies for the cell was not a constitutional

violation. *Estrada v. Kruse*, 38 F. App'x 498, 498-99 (10th Cir. 2002).

We also have found no Supreme Court authority on point. Nor can we

conclude that the weight of authority from other circuit courts supports Mr. Rascón's

claim.[4] Other circuits have held that a lack of an adequate mattress in combination

---

[3] S*ee also Brewer v. Gilroy*, 625 F. App'x 827, 834 (10th Cir. 2015) (stating the following conditions might support an Eighth Amendment claim: prison personnel "placed [the prisoner] in unlit cells that smelled of urine, feces, or sewage, and refused to give him a mattress, bedroll, or adequate food and water; . . . he was denied food entirely for seven days [and], at other times, prison employees threw food into his cell so that he would have to eat off the floor"); *Allen v. Avance*, 491 F. App'x 1, 4-5 (10th Cir. 2012) (holding objective component was met by prisoner's claims that he was locked in the county jail "drunk tank" for two periods— once for seven days and again for four days—in standing water for part of the time, without any bedding, mattress, or toiletries, and was denied his legal papers, personal property, access to the commissary, and visitation). Although not precedential, we find the reasoning of the unpublished cases cited in this order and judgment to be instructive. *See* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1(a).

[4] *See Chappell v. Mandeville*, 706 F.3d 1052, 1057 (9th Cir. 2013) (holding that the law was not clearly established that either of the conditions of which the

(continued)

12

with other deprivations may state an Eighth Amendment claim, but under worse

conditions than those presented here.[5]

In addition to lack of a mattress for four nights, Mr. Rascón experienced

morphine withdrawal and arthritis pain.  These additional conditions do not appear to

prisoner complained—24-hour lighting and mattress deprivation for six nights—
violated the Eighth Amendment); *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d
82, 84 (8th Cir. 1996) (requiring a prisoner to sleep on a concrete slab for four days
did not violate the Eighth Amendment); *Johnson v. Pelker*, 891 F.2d 136, 138-39 (7th
Cir. 1989) (holding prisoner's wet clothing and mattress, which required him to sleep
on a slab of metal for two and one-half days was disquieting, but a temporary
inconvenience not compounded by other deprivations, so did not rise to the level of
an Eighth Amendment violation).

[5] *See, e.g.*, *Walker v. Schult*, 717 F.3d 119, 126 (2d Cir. 2013) (holding the
following prison conditions plausibly alleged an Eighth Amendment claim:  "for
approximately twenty-eight months, he was confined in a cell with five other men,
with inadequate space and ventilation, stifling heat in the summer and freezing cold
in the winter, unsanitary conditions, including urine and feces splattered on the floor,
insufficient cleaning supplies, a mattress too narrow for him to lie on flat, and noisy,
crowded conditions that made sleep difficult and placed him at constant risk of
violence and serious harm from cellmates"); *Budd v. Motley*, 711 F.3d 840, 842 (7th
Cir. 2013) (holding allegations of poor sanitation and hygiene, a lack of heat and
bedding, blocked ventilation, overcrowding, and inadequate recreation stated a valid
conditions-of-confinement claim); *Palmer v. Johnson*, 193 F.3d 346, 353 (5th Cir.
1999) (holding the following conditions constituted a denial of humane conditions of
confinement:  "overnight outdoor confinement [for 17 hours] with no shelter, jacket,
blanket, or source of heat as the temperature dropped and the wind blew[,] along with
the total lack of bathroom facilities for forty-nine inmates sharing a small bounded
area"); *Williams v. Benjamin*, 77 F.3d 756, 764, 768 (4th Cir. 1996) (reversing
summary judgment in favor of prison personnel on prisoner's claim that he was
maced and confined in four-point restraints on a bare steel bed frame for more than
eight hours, denied his request to wash himself, and not permitted to use a toilet or
receive medical attention); *Goodson v. City of Atlanta*, 763 F.2d 1381, 1387
(11th Cir. 1985) (upholding prisoner's claim of cruel and unusual punishment for
"inedible food, no blanket or bedding, no sanitation, inadequate medical care, [and]
no shelter from the elements other than a concrete cell with broken windows
permitting the passage of cold air").

place this case under the precedents finding Eighth Amendment violations, but even if the combination of circumstances could arguably make out a violation, it would not find support in clearly established law to overcome qualified immunity for the defendants. Consequently, we affirm the grant of summary judgment on the conditions-of-confinement claim.

## F. *Retaliation*

Mr. Rascón alleges that the defendants withdrew the morphine and placed him in the cell without a mattress in retaliation for refusing the hip-replacement surgery.

### 1. **Governing law**

Prison officials may not retaliate against an inmate for exercising his constitutional rights. *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). A plaintiff must establish that "but for" the retaliatory motive, the complained-of action would not have taken place. *Id.* "An inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Id.* (internal quotation marks omitted).

### 2. **Analysis**

Mr. Rascón did not specify the constitutional right at stake, but assuming his refusal of the surgery is protected activity, he has adduced no evidence that his refusal was the "but for" reason the morphine was withdrawn and he was placed in a medical-observation cell without a mattress. As discussed above, Dr. Staber would have replaced the morphine with other drugs whether or not Mr. Rascón underwent the surgery because, in Dr. Staber's medical judgment, morphine was not an

14

appropriate long-term treatment. And Mr. Rascón has not shown that any of the defendants were even capable of retaliation because he has not shown they had the authority to withhold a mattress from the medical-observation cell. Thus, Mr. Rascón has not shown that the defendants' alleged retaliatory motives were the "but for" cause of their actions. Accordingly, we conclude that the district court properly granted summary judgment against Mr. Rascón on his retaliation claim.

## III.  CONCLUSION

We affirm the district court's judgment. We grant Mr. Rascón's application to proceed IFP and remind him that he is obligated to continue making partial payments until the entire filing fee has been paid. Mr. Rascón's opening and reply briefs contain several arguments styled as motions. We deny the motions but we have considered them as part of the opening brief.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

15